OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiffs-Appellants, Paula and Jack Hornung, appeal the decision of the Mahoning County Court of Common Pleas granting summary judgment to Defendants-Appellees, Eranco Business Brokers, Frances Ollila, and Ronald Polansky, on the Hornungs' claims of breach of fiduciary duty and negligence. Specifically, the Hornungs contend that Appellees owed them a fiduciary duty and that they did not obtain a proper release from liability. However, these issues are moot since the Hornungs failed to present any evidence supporting their argument that Appellees acted improperly.
 Facts {¶ 2} In March 2000, Paula and Jack Hornung hired Appellees to sell their business, the Taste-N-Tell Bakery. A year later, Appellees found a group of Buyers, Teana L. Fletcher, Kenneth Fletcher, Amanda G. Johnson, and John Johnson, who made an offer on the bakery. In May 2001, the Hornungs agreed to sell the bakery to the Buyers for $75,000.00. The purchase agreement required a $10,000.00 down payment and a bank loan from National City Bank in the amount of $40,000.00. The remainder of the purchase price was to be paid in monthly installments with a balloon payment due after the thirty-seventh payment.
 {¶ 3} National City Bank approved the Buyers for the loan and the closing was scheduled to take place on June 30, 2001. However, prior to the closing, the bank informed the Hornungs that although it approved the loan before the closing date, the paperwork for the loan could not be signed until July 2 or 3, 2001. Despite the delay in financing, the Hornungs and the Buyers agreed to go forward with the closing on the scheduled date. After taking possession of the property, the Buyers failed to sign the financing agreement and subsequently abandoned the property and their obligations under the purchase agreement, claiming that the purpose of the transaction had become frustrated.
 {¶ 4} Subsequently, the Hornungs brought suit against the Buyers, for breach of contract, and Appellees, for breach of fiduciary duty and negligence. Appellees then moved for summary judgment and the trial court granted their motion.
 Standard of Review {¶ 5} In their sole assignment of error, the Hornungs argue:
 {¶ 6} "The trial court erred by granting summary judgment in favor of Eranco Business Brokers, Frances Ollila, and Ronald Polinsky."
 {¶ 7} When ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church,68 Ohio St.3d 531, 535, 1994-Ohio-0531. The party seeking summary judgment has the initial burden of informing the court of the motion's basis and identifying those portions of the record tending to show that there are no genuine issues of material fact on the essential elements of the nonmoving party's claim.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must be able to point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claim. Id. "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ. R. 56(C). If this initial burden is met, the nonmoving party has a reciprocal burden to "set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not respond, summary judgment, if appropriate, shall be granted." Id.
 {¶ 8} An appellate court reviews a decision granting summary judgment on a de novo basis. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-0336. Summary judgment is properly granted when: 1) there is no genuine issue as to any material fact; 2) the moving party is entitled to judgment as a matter of law; and, 3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day WarehousingCo. (1976), 54 Ohio St.2d 64, 66.
 Breach of Fiduciary Duty {¶ 9} The Hornungs argue that Eranco acted as a real estate broker throughout their transaction with Buyers, that Eranco's actions as their real estate broker created a fiduciary relationship, and that Eranco breached their fiduciary duties by negligently misrepresenting the nature of the purchase agreement to the Buyers. Specifically, the Hornungs claim that Appellees advised the Buyers that they were not obligated to perform the contract after the "dry closing."
 {¶ 10} In this case, Appellees owed a fiduciary duty to the Hornungs since they were real estate brokers, as that phrase is defined by R.C. 4735.01. That statute defines any of the following, among other things, as a real estate broker: 1) someone who sells, exchanges, purchases, rents, or leases, or negotiates the sale, exchange, purchase, rental, or leasing of any real estate; 2) someone who offers, attempts, or agrees to negotiate the sale, exchange, purchase, rental, or leasing of any real estate; and, 3) someone who directs or assists in the procuring of prospects or the negotiation of any transaction, other than mortgage financing, which does or is calculated to result in the sale, exchange, leasing, or renting of any real estate. R.C. 4735.01(A)(1), (2), and (7).
 {¶ 11} In this case, the Hornungs hired Appellees to procure buyers to purchase the Hornungs' business and the Hornungs and the Buyers executed a purchase agreement pursuant to Appellees' efforts. As part of the purchase agreement, the Buyers signed a lease agreement for a term of 3½ years. Furthermore, paragraph one of the purchase agreement states that the agreement is for the purchase and sale of, among other things, the lease. These facts establish that Appellees were acting as real estate agents as defined by R.C. 4735.01(A).
 {¶ 12} Real estate agents owe their clients fiduciary duties. "In representing any client in an agency or subagency relationship, the [real estate broker] shall be a fiduciary of the client and shall use [their] best efforts to further the interest of the client." R.C. 4735.62. "A fiduciary has been defined as "a person having a duty, created by his undertaking, to act primarily for the benefit of another in matters connected with his undertaking." Strock v. Pressnell (1988),38 Ohio St.3d 207, 216. "Real estate brokers have statutory and common law fiduciary duties of disclosure, good faith, and loyalty."Whaley v. Zyndorf/Serchuk, Inc., 6th Dist. No. L 01 1295, 2002-Ohio-2640 at ¶ 8. "A breach-of-fiduciary-duty claim essentially is a negligence claim involving a higher standard of care." Hurst v. Enterprise Title Agency, Inc.,157 Ohio App.3d 133, 144, 2004-Ohio-2307. "Thus, the party asserting such a breach must establish the existence of a fiduciary duty, a breach of that duty, and an injury proximately resulting therefrom." Id. at 144-145.
 {¶ 13} In this case, the Hornungs have failed to produce any evidence that would show that Appellees breached their fiduciary duties toward the Hornungs. The Hornungs alleged that Appellees breached their fiduciary duty by negligently misrepresenting the nature of the dry closing, and that as a result of that breach, the Hornungs' deal with the Buyers failed. Appellees produced evidence showing that this did not happen. First, Appellees point to the listing agreement which states that it agreed to procure a ready, willing, and able purchaser. Second, Appellees produced Ollila's affidavit, where she stated that she fully disclosed all information to and acted in good faith towards the Hornungs as required by law.
 {¶ 14} In response, the only evidence in the record which the Hornungs could rely upon to create a genuine issue of material fact is a response from the Buyers to an interrogatory which stated that Ollila told them that the paperwork was part of a dry closing in furtherance of the SBA loan application and contingent upon transfer of a turn key operation. Appellees deny that they ever told the Buyers that there were any contingencies.
 {¶ 15} While these statements appear to conflict, they do not create a genuine issue of material fact. The Buyers' statement indicates that Olilla informed them that the sale was contingent, but is silent on whether Ollila informed the Hornungs of this fact; the record is silent on whether the sale was for a "turn key operation" since that phrase is somewhat ambiguous; and Ollila averred that she told the Hornungs all relevant information. Without evidence that Ollila negligently misrepresented something, the Hornungs cannot prove a necessary element of their claim. Accordingly, the trial court properly granted summary judgment to Appellees. The Hornungs' sole assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs. See concurring opinion.