**CASEY et al., Appellants and Cross–Appellees,**

**v.**

**REIDY et al., Appellees and Cross–Appellants.**

[Cite as *Casey v. Reidy,* 180 Ohio App.3d 615, 2009-Ohio-415.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 04 MA 6.

Decided Jan. 6, 2009.

616

Pfau, Pfau & Marando and Michael P. Marando, for appellants and cross-appellees.

Berkman, Gordon, Murray & DeVan, Mark R. DeVan, and Steven D. Shafron, for appellees and cross-appellants.

---

WAITE, Judge.

{¶ 1} Appellants and cross-appellees, Thomas Casey and Vince Casey, appeal the dismissal of their fraud claim against appellee and cross-appellant Msgr. Robert Reidy. Appellants allege that Reidy sexually assaulted them on several occasions between 1965 and 1968. As the basis of their fraud claim, appellants assert that Reidy, a Roman Catholic parish priest, had a fiduciary relationship with appellants, and, as a consequence, had a duty to disclose his sexual propensities, his history as a sexual abuser, and his true intentions concerning appellants.

{¶ 2} In his cross-appeal, Reidy argues that the applicable statutes of limitations bar appellants' sexual-assault claims, as well as their claims for intentional infliction of emotional distress, breach of fiduciary duty, and violations of R.C. 2151.421 (negligent reporting). Reidy further contends that appellants' negligent-reporting claim is premised upon a retroactive application of the code. Finally, Reidy argues that appellants' civil-conspiracy claim should have been dismissed for failure to state a claim on which relief may be granted.

{¶ 3} Reidy's cross-appeal is the subject of a motion to dismiss filed in this court. Appellants assert that the denial of a motion to dismiss is not a "final order" as that term is defined by R.C. 2505.02 and Civ.R. 54(B).

{¶ 4} In fact, appellants' efforts to transform their sexual-assault claims into a fraud claim were properly dismissed by the trial court. Appellants failed to assert at least two essential elements of their fraud claim, i.e., a duty to disclose

and a transaction. Although appellants' sole assignment of error is overruled, their motion to dismiss the cross-appeal is granted. The denial of Reidy's motion to dismiss by the trial court did not determine the action or prevent a judgment, and, as a consequence, is not a final, appealable order.

## PROCEDURAL HISTORY

{¶ 5} On May 29, 2002, appellants filed suit against Reidy in this matter. Pertinent to this appeal, in their second amended complaint, appellants raised claims for sexual assault, violations of R.C. 2151.421 (negligent reporting), breach of fiduciary duty, intentional infliction of emotional distress, fraud, civil conspiracy, and violations of the Ohio Racketeer Influenced and Corrupt Organizations ("RICO") statute against Reidy. Appellants also asserted claims for negligence, negligent hiring, negligent supervision, negligent infliction of emotional distress, intentional infliction of emotional distress, vicarious liability, fraud, civil conspiracy, and violations of the Ohio RICO statute against appellees and cross-appellants, Bishop Thomas Tobin and the Catholic Diocese of Youngstown.

{¶ 6} On May 12, 2003, Reidy filed a motion to dismiss the second amended complaint. On May 13, 2003, Tobin and the diocese jointly filed a motion to dismiss the second amended complaint. On July 2, 2003, appellants filed in opposition. On July 8, 2003, the trial court conducted an oral hearing on the motions.

{¶ 7} In a judgment entry dated August 6, 2003, the trial court dismissed appellants' fraud claims against Reidy, Tobin, and the diocese pursuant to Civ.R. 12(b)(6) and 9(B), which require that a claim for fraud be pleaded with particularity. In addition, the trial court dismissed appellants' negligent-hiring claim and their Ohio RICO claim and rejected their equitable-estoppel argument regarding the statute of limitations.

{¶ 8} However, the lion's share of appellants' claims survived the motions to dismiss because the trial court concluded that they had asserted repressed memory. The trial court premised its conclusion on the following allegations in the second amended complaint:

{¶ 9} "The sexual abuse of plaintiffs and the circumstances under which it occurred caused plaintiffs to develop various coping mechanisms which prohibited them from knowing or having reason to know that they were victims of sexual abuse and, as a result, suffered injury. The sexual abuse of plaintiffs and the circumstances under which it occurred also caused plaintiffs to develop confusion and symptoms of psychological disorders, including great shame, guilt, self-blame, depression, repression and disassociation. As a result, plaintiffs were unable to perceive or know that the conduct of Defendant Reidy was wrongful or abusive,

the existence or nature of their psychological and emotional injuries and the connection of such injuries to the sexual abuse perpetrated upon them by Defendant Reidy. Not until a period within one year of the filing of this lawsuit did plaintiffs begin to know or have reasons to know that Defendant Reidy engaged in wrongful or abusive acts that caused their injuries."

{¶ 10} With respect to the dismissal of appellants' fraud claims, the trial court stated, "The fifth issue is whether Plaintiffs fail to plead the fraud claims with particularity pursuant to Civ.R. 9(B). Plaintiffs do not state the requisite elements of fraud in their complaint. Therefore, Defendants [sic] motion to dismiss Plaintiffs [sic] fraud and RICO claims is GRANTED."

{¶ 11} On October 1, 2003, appellants filed a motion seeking leave to file their third amended complaint instanter. In this third amended complaint, appellants reasserted their fraud claims with two substantive changes. First, appellants raised the fraud claims against Reidy in a separate count. In other words, for the first time, appellants specifically alleged that Reidy was acting in a fiduciary capacity and owed a duty to disclose his sexual proclivities to appellants. Second, appellants provided additional factual allegations, citing a written directive from Rome relating secret allegations of sexual abuse and a directive to transfer the accused in order to avoid detection, to fulfill the requirements of Civ.R. 9(B).

{¶ 12} In a judgment entry dated November 14, 2003, the trial court granted appellants' motion to file a third amended complaint. However, the trial court stated, "[T]he Court does not feel that the arguments set forth [in the third amended complaint] are sufficient to change the decision to dismiss the negligent hiring, fraud, and RICO claims." On November 26, 2003, appellants filed a motion for clarification of the November 14, 2003 judgment entry. On December 11, 2003, the trial court confirmed that the negligent hiring, fraud, and RICO claims raised in the third amended complaint had been dismissed and stated that there was no just reason for delay. This timely appeal was filed on January 12, 2004.

{¶ 13} Several assignments of error were rendered moot during the pendency of this appeal. First, appellants concede that their Ohio RICO claim and equitable-estoppel argument were rejected by the Supreme Court of Ohio in *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268. Second, approximately six months after the issuance of the Supreme Court's decision in *Archdiocese of Cincinnati*, appellants entered into a settlement agreement with Tobin and the archdiocese. Upon notification of the settlement, we ordered appellants and Reidy to file supplemental briefs in order to clarify the assignments of error that remain at issue in this appeal.

## STANDARD OF REVIEW

{¶ 14} An order granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted is subject to de novo review on appeal. *State ex rel. Cook v. Seneca Cty. Bd. of Commrs.*, 175 Ohio App.3d 721, 2008-Ohio-736, 889 N.E.2d 153, ¶ 21.

{¶ 15} In order to sustain the dismissal, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *LeRoy v. Allen, Yurasek, & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14, citing *Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, at ¶ 11. In reviewing whether a motion to dismiss should be granted, an appellate court must construe all factual allegations in the complaint as true. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. Additionally, the material allegations of the complaint and any inferences drawn therefrom must be construed in favor of the nonmoving party. *LeRoy* at ¶ 14, citing *Kenty v. Transamerica Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 418, 650 N.E.2d 863.

## ANALYSIS

{¶ 16} As a result of the holding in *Archdiocese of Cincinnati* and the settlement reached between appellants, Tobin, and the archdiocese, assignments of error one, two, four, and five are either moot or settled and withdrawn. Thus, the sole remaining assignment of error asserted by appellants is the third assignment of error from their original brief.

## THIRD ASSIGNMENT OF ERROR

{¶ 17} "The trial court erred as a matter of law in dismissing appellants' fraud claims as to appellee Reidy for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6)."

{¶ 18} In order to recover on a claim for actual fraud in Ohio, a plaintiff must establish the following six elements:

{¶ 19} " '(a) a representation or, where there is a duty to disclose, concealment of a fact,

{¶ 20} " '(b) which is material to the transaction at hand,

{¶ 21} " '(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

{¶ 22} " '(d) with the intent of misleading another into relying upon it,

{¶ 23} " '(e) justifiable reliance upon the representation or concealment,

{¶ 24} " '(f) a resulting injury proximately caused by the reliance.' " *Evans v. Chambers Funeral Homes,* 8th Dist. No. 89900, 2008-Ohio-3554, 2008 WL 2766173, ¶ 39, quoting *Gaines v. Preterm–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 55, 514 N.E.2d 709. Allegations of fraud must be pleaded with particularity. Civ.R. 9(B).

{¶ 25} In their third amended complaint, appellants argue that Reidy had a fiduciary relationship with appellants, and, therefore, a duty to fully disclose his propensity for sexual abuse, his history of sexual abuse, and his true intentions concerning appellants. Appellants further allege that Reidy concealed the foregoing material information from appellants in order to induce their confidence so that he could sexually abuse them. Finally, appellants claim that they justifiably relied to their detriment on the concealed facts, and, as a consequence, suffered repeated incidents of sexual abuse.

{¶ 26} In the August 6, 2003 judgment entry, the trial court concludes without explanation that "[p]laintiffs do not state the requisite elements of fraud in their complaint." In his appellate brief, Reidy contends that appellants have failed to plead any history of sexual abuse perpetrated by him prior to the alleged assault of appellants.

{¶ 27} In response to Reidy's assertion, appellants focus their fraud argument on a directive from Rome instructing church officials to conceal complaints of sexual abuse and to transfer offending priests to avoid detection. Appellants also rely on the trial court's statement in the judgment entry that "[a] reasonable inference can be drawn from the recurrent transfer of Defendant Reidy from parish to parish set forth in ¶ 6 of the second amended complaint that Defendant Diocese may have been aware of a potential problem with sexual abuse involving Defendant Reidy." However, these allegations do not save appellants' fraud claim.

{¶ 28} The defect in appellants' claim lies in their failure to establish several elements of fraud. First, appellants allege, as a foregone conclusion, that Reidy had a fiduciary relationship with each plaintiff, despite the fact that no Ohio court, or other state or federal court, has recognized that a priest owes a per se fiduciary duty to his congregants.

{¶ 29} The issue was raised in Ohio approximately 20 years ago in *Strock v. Pressnell* (1988), 38 Ohio St.3d 207, 527 N.E.2d 1235. Strock filed a breach-of-fiduciary-duty claim against his minister, when he discovered that the minister was engaged in an affair with Mrs. Strock at the same time he was performing marriage-counseling services for the couple. Whether the minister owed a fiduciary duty to Strock was never addressed, because the breach-of-fiduciary-

duty claim was rejected as an effort to revive abolished amatory actions for alienation of affections. Id. at 216–217, 527 N.E.2d 1235.

{¶ 30} Other states that have considered the issue have rejected a per se fiduciary relationship between clergy and their congregants in favor of a rule that requires a plaintiff to demonstrate that his or her relationship with the institution was somehow unique or distinct from the institution's relationship with other parishioners. For instance, in cases involving adult congregants, several decisions have turned on whether the parishioner sought formal pastoral counseling from the minister or priest. See *Ahern v. Kappalumakkel* (2006), 97 Conn.App. 189, 199, 903 A.2d 266; *F.G. v. MacDonell* (1997), 150 N.J. 550, 564, 696 A.2d 697; *Moses v. Diocese of Colorado* (Colo.1993), 863 P.2d 310, 321.

{¶ 31} Child congregants were addressed in *Martinelli v. Bridgeport R.C. Diocesan Corp.* (C.A.2, 1999), 196 F.3d 409, in which the Second Circuit Court of Appeals concluded that the diocese owed a fiduciary duty to the plaintiff, because the plaintiff had been a student at a diocesan school that employed the abusive priest, and the diocese knew that the plaintiff had a "special and privileged relationship" with the priest as a result of his membership in a small group of boys mentored by the priest. Id. at 429.

{¶ 32} Typically, breach-of-fiduciary claims and fraud claims based upon the sexual molestation of minors by priests have been asserted against the institution, rather than the individual. See *Doe v. Archdiocese of Milwaukee* (2005), 284 Wis.2d 307, 700 N.W.2d 180; *Doe v. Norwich Roman Catholic Diocese* (2006), 40 Conn.Supp. 667, 909 A.2d 983. Consequently, they provide little insight into the fraud claim asserted against Reidy.

{¶ 33} In Ohio, a "fiduciary" is "a person having a duty, created by his undertaking, to act primarily for the benefit of another in matters connected with his undertaking." (Emphasis omitted.) *Evans v. Chambers Funeral Homes*, 8th Dist. No. 89900, 2008-Ohio-3554, 2008 WL 2766173, ¶ 21, citing *Strock*, 38 Ohio St.3d 207, 527 N.E.2d 1235. A "fiduciary relationship" is formed when "special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *In re Termination of Emp. of Pratt* (1974), 40 Ohio St.2d 107, 115, 69 O.O.2d 512, 321 N.E.2d 603.

{¶ 34} The fiduciary's role may be assumed by formal appointment or it may arise de facto from a more informal relationship between the parties. For the de facto status to be recognized, however, both parties must understand that under the circumstances, a special trust and confidence has been reposed in one by the other. *Blon v. Bank One, Akron, N.A.* (1988), 35 Ohio St.3d 98, 519 N.E.2d 363. However, "a mere friendship in which a person renders gratuitous

assistance to a friend does not give rise to a confidential or fiduciary relationship." *In re Estate of Hill* (March 15, 2000), 4th Dist. No.99CA2663, 2000 WL 326134, at *3.

{¶ 35} Despite the apparently broad definition of the term "fiduciary" in Ohio, a review of the case law reveals that courts have been reluctant to characterize relationships between individuals as being fiduciary in nature, with the obvious exception of those relationships that involve statutorily-imposed duties. See, e.g., *State Farm Fire & Cas. Co. v. Century 21 Arrow Realty*, 8th Dist. Nos. 87081 and 87108, 2006-Ohio-3967, 2006 WL 2171568, ¶ 32; *Horning v. Fletcher*, 7th Dist. No. 05 MA 7, 2005-Ohio-7078, 2005 WL 3642343, ¶ 12.

{¶ 36} Courts have required complete dependence by the inferior party in order to recognize the de facto status. See *In re Estate of Svab* (1966), 8 Ohio App.2d 80, 88, 37 O.O.2d 86, 220 N.E.2d 720 (daughter is fiduciary where mother's eyesight prevented her from reading joint-and-survivorship documents); but see *Hill*, 2000 WL 326134 (fiduciary relationship between relatively independent uncle and niece began when parties executed power of attorney); and *In re Case* (Apr. 3, 1998), 2nd Dist. No. 16747, 1998 WL 151141 (same).

{¶ 37} The third amended complaint reads as follows:

■ {¶ 38} "Due to Plaintiffs' position as minors, together with Defendant Reidy's position in the Roman Catholic Church as a priest, holy man and authority figure, and his fiduciary relationship with each Plaintiff, Defendant Reidy was able to exert control and continue to have control and influence over Plaintiffs. By his words, actions and omissions, during the period from at least 1965–1968, Defendant Reidy represented to Plaintiffs that the object of his relationship with Plaintiffs was to provide counseling, comfort and advice and assured each Plaintiff that his conduct was proper. This occurred during each contact that Defendant Reidy had with each Plaintiff during this time frame. Defendant Reidy actively and fraudulently concealed from Plaintiffs the wrongfulness of his sexual exploitation and misconduct involving Plaintiffs."

{¶ 39} The relationship described in the third amended complaint falls short of the complete dependence required in Ohio to demonstrate a de facto fiduciary relationship. Moreover, there is no precedent in Ohio for the conclusion that an adult who undertakes a friendship with a minor is a de facto fiduciary. Finally, Reidy correctly asserts that appellants do not allege that he had sexually assaulted anyone prior to 1965, nor have they identified the "sexual propensities" he allegedly had a duty to disclose.

■ {¶ 40} Even assuming arguendo that Reidy was a de facto fiduciary, Appellants do not identify the transaction that serves as the basis of their fraud claim. In order to assert a viable fraud claim, appellants must allege that Reidy

concealed a fact " 'material to the transaction at hand.' " *Evans*, 2008-Ohio-3554, 2008 WL 2766173, ¶ 39, quoting *Gaines v. Preterm–Cleveland, Inc.*, 33 Ohio St.3d at 55, 514 N.E.2d 709. Appellants appear to premise their fraud claim on the fact that they trusted Reidy, and, as a consequence, they suffered injuries as a proximate cause of that trust. However, the engenderment of trust is simply not the kind of transaction contemplated by the common law.

{¶ 41} In effect, appellants attempt to retrofit their sexual-assault claims into a fraud claim. The Supreme Court of Ohio rejected a similar effort to transform sexual-assault claims into other torts in *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 629 N.E.2d 402, 407. In an effort to circumvent the one-year statute of limitations for sexual abuse, the appellant in *First United Methodist* argued that the allegations in her complaint also constituted negligence and intentional infliction of emotional distress. To the contrary, the Supreme Court concluded, "The fact that appellant pled negligence and intentional infliction of emotional distress cannot be allowed to mask or change the fundamental nature of Appellants' causes of action which are predicated upon acts of sexual battery." Id. at 537, 629 N.E.2d 402.

■ {¶ 42} Construing the allegations in the third amended complaint as true, Reidy's actions, while constituting reprehensible behavior, do not establish the requisite elements of actual fraud. Moreover, the allegations reveal an improper effort to change the fundamental nature of their sexual-abuse claims. Accordingly, the trial court's dismissal of appellants' fraud claim against Reidy is affirmed.

## CROSS–ASSIGNMENTS OF ERROR

{¶ 43} "I. Counts 1 through 10 and 14, 15, and 17 of the third amended complaint must be dismissed as barred by the statute of limitations.

{¶ 44} "II. Count 14, which asserts a violation of Rev.Code § 2151.421 must be dismissed as violating the prohibition against retroactive laws set out in Ohio Rev.Code § 1.48 and Art. II, § 28 of the Ohio Constitution, and for its failure to state a claim.

{¶ 45} "III. Count 20, which alleges a claim for conspiracy fails to state a claim on which relief may be granted."

{¶ 46} With respect to counts 1 through 10, 14, 15, and 17, Reidy contends that appellants' allegations of repressed memory are so nebulous that the trial court should have rejected them. He states, "To be sure, while a motion to dismiss for the failure to state a claim does not prevent a judgment in movant's favor if it is denied in the usual case, in the context of *this* case, where the allegations in the complaint on their face patently and unambiguously showed the claims are prohibited, an entirely different situation is presented."

{¶ 47} Reidy further contends that appellants' failure-to-report claim violates the prohibition against retroactive law. Finally, Reidy argues that the conspiracy claim is deficient because appellants fail to state a damage claim independent of the underlying tort and because members of an organization cannot conspire with one another since an organization can act only through its agents.

{¶ 48} Before we reach the merits of Reidy's appeal, we must first determine whether the judgment entry denying his motion to dismiss is a final, appealable order. Appellants argue that the denial of a motion to dismiss is not a final, appealable order.

{¶ 49} First, we are aware that the trial court included the phrase "no just cause for delay" in its December 11, 2003 judgment entry. However, "the mere addition of Civ.R. 54(B) language to what is not a final order does not transform that entry into a final appealable order." *Sason v. Shepherd*, 11th Dist. No. 2007–L–199, 2008-Ohio-173, 2008 WL 171069, ¶ 3, citing *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136, 1138 ("the phrase 'no just reason for delay' is not a mystical incantation which transforms a nonfinal order into a final appealable order," *Wisintainer* at 354, 617 N.E.2d 1136). Consequently, the trial court's invocation of the Civ.R. 54(B) language does not convert the December 11, 2003 judgment entry into a final order.

{¶ 50} We addressed the appealability of a denial of a motion to dismiss based upon the statute of limitations in *Hughes v. Zordich* (Apr. 25, 2001), 7th Dist. No. 99 C.A. 167, 2001 WL 1740069. After acknowledging the constitutional limitations on the jurisdiction of appellate courts and reviewing the definition of a "final order" set forth in R.C. 2505.02(B), we concluded that the trial court's order did not fit into any of the categories listed in the statute: "Such a ruling does not determine the action or prevent a judgment. Appellant still has the opportunity to prevail at trial on the merits of her case. Furthermore, should she not prevail at trial, she will then have occasion to appeal that judgment." Id. at *2.

{¶ 51} The same is true in the case sub judice. Here, Reidy will have an opportunity to investigate appellants' claims of repressed memory during the discovery process. In the event that appellants cannot substantiate their claims, Reidy will have ample opportunity to challenge those claims on summary judgment and/or at trial, and, if necessary, on appeal. Likewise, Reidy will have additional opportunities to advance his legal challenges to appellants' negligent-reporting and civil-conspiracy claims.

{¶ 52} Accordingly, the trial court's denial of Reidy's motion to dismiss is not a final, appealable order. Consequently, we hereby dismiss Reidy's cross-appeal for lack of subject-matter jurisdiction.

{¶ 53} In summary, appellants' third assignment of error predicated on the dismissal of their fraud claim is overruled, as appellants cannot establish at least two elements: a duty to disclose and a transaction. Appellants' motion to dismiss Reidy's cross-appeal is granted, as that portion of the August 6, 2003 judgment entry denying Reidy's motion to dismiss does not constitute a final, appealable order.

Judgment accordingly.

VUKOVICH and RICE, JJ., concur.

CYNTHIA RICE, J., of the Eleventh District Court of Appeals, sitting by assignment.