[Cite as *Bland v. Toyota Motor Sales U.S.A., Inc.*, 2018-Ohio-1728.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| ASHLEY BLAND, et al. | : | |
| | : | |
| Plaintiffs-Appellants | : | Appellate Case No. 27837 |
| | : | |
| v. | : | Trial Court Case No. 17-CV-4160 |
| | : | |
| TOYOTA MOTOR SALES U.S.A., INC. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of May, 2018.

. . . . . . . . . . .

LAURENCE A. LASKY, Atty. Reg. No. 002959, 130 W. Second Street, Suite 830, Dayton, Ohio 45402
      Attorney for Plaintiffs-Appellants

G. TODD HOFFPAUIR, Atty. Reg. No. 0064449 and LINDSAY M. UPTON, Atty. Reg. No. 0092309, 36 E. Seventh Street, Suite 2100, Cincinnati, Ohio 45202
      Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Ashley Bland and Laurence Lasky appeal from the trial court's Civ.R. 12(B)(6) dismissal of their complaint against appellee Toyota Motor Sales, U.S.A., Inc. ("Toyota Motor Sales").

{¶ 2} In their sole assignment of error, Bland and Lasky contend the trial court erred in concluding that their complaint failed to state a breach-of-contract claim.

{¶ 3} The record reflects that Bland filed a September 2017 complaint against Toyota Motor North America ("Toyota North America") related to excessive consumption of oil by her 2009 Toyota Scion. Bland later dismissed Toyota Motor North America and added Toyota Motor Sales as a defendant. She also amended her complaint to add Lasky, her father, as a plaintiff. (Doc. #9, 18, 23).

{¶ 4} On November 3, 2017, Toyota Motor Sales moved to dismiss the complaint under Civ.R. 12(B)(6). (Doc. #24). Toyota Motor Sales construed the complaint as pleading a breach-of-warranty claim, which it alleged was barred on its face by the applicable four-year statute of limitation and by a lack of privity of contract. (*Id.*). Bland and Lasky opposed the motion. Without addressing the breach-of-warranty issue, they argued that the complaint pled a claim for breach of implied contract, which had a six-year statute of limitation, based on a "secret unannounced recall." (Doc. # 25). In reply, Toyota Motor Sales argued that the complaint failed to plead the elements of a claim for breach of implied contract. (Doc. # 26).

{¶ 5} In a December 15, 2017, decision, order, and entry, the trial court agreed with Toyota Motor Sales. It found the breach-of-warranty claim time barred on its face and concluded that it also failed for other reasons. (Doc. # 27). With regard to the alleged

breach of implied contract, the trial court reasoned:

> The Court now addresses the Plaintiffs' argument that they sufficiently pleaded a breach of contract claim in the Amended Complaint. As the Plaintiffs did not attach any exhibit, the Court's review is limited to the four corners of the Amended Complaint. * * *
>
> Generally, a breach of contract action is pleaded by stating: (1) the existence of a contract; (2) the performance by the plaintiff of his or her obligations; (3) the breach by the defendant; and (4) damages. * * *
>
> Here, the Plaintiffs argue that Toyota made a promise to replace the engine by recalling the vehicles, that Plaintiffs accepted this offer, and that Toyota breached the promise. However, in the Amended Complaint, Plaintiffs only allege the following:
>
>> 11. After expressing concerns about the excessive oil consumption, Plaintiff was finally told by a dealer representative that Toyota was having problems with that engine and that the Defendant Toyota Motor Company had an unannounced recall for that engine.
>>
>> 12. Under the secret unannounced recall, Toyota is replacing the engine in each vehicle complained of.
>
> *Am. Compl.* ¶ 11-12.
>
> The Plaintiffs do not allege that there existed between the Plaintiffs and Defendant Toyota a contract to replace the engine, the Plaintiffs' performance under the contract, or damages arising out of the breach. After

accepting all factual allegations set forth in the Amended Complaint as true and drawing all reasonable inferences in favor of the Plaintiffs, the Court concludes that no set of facts alleged therein warrants relief.

(*Id.* at 6-7).

{¶ 6} On appeal, Bland and Lasky contend the trial court erred in its analysis of the breach-of-contract issue. They argue:

The Trial court addressed the matter of the breach of contract alleged in Appellants' Complaint only in part. The Trial Court cites to paragraphs 11 and 12 of the Complaint yet finds that no contract is alleged regarding the replacement of the engine by Appellee yet the Trial Court failed to apply paragraph of the Complaint 13 which states: "Plaintiff asks Toyota to install a new engine in her car pursuant to the unannounced recall mentioned previously."

Appellants had addressed the offer by the Appellee via the unannounced recall and the notification given by the dealer representative. (See paragraphs 11 and 12). The Trial Court alluded to the fact that there was no exhibit attached to the Complaint regarding a breach of contract claim. This inference makes it apparent that the Trial Court assumed that a written document was warranted for a breach of contract claim. The Trial Court failed to apply the proper standard relating to an implied contract. An implied contract arises when the circumstances make it reasonably certain that an agreement was intended. *Cuyahoga Cty. Hospitals v. Price* (1989), 64 Ohio App.3d 410.

The agreement was certainly intended in this instance by Appellee because of the engine recall that was put in place. Appellants have sought the replacement of the engine in question.

(Appellants' brief at 4-5).

**{¶ 7}** We begin our analysis by noting that the trial court dismissed the appellants' complaint "without prejudice."[1](Doc. # 27 at 7). Ordinarily, a dismissal without prejudice is other than on the merits under Civ.R. 41(B) and is not appealable. *Ebbets Partners, Ltd. v. Day*, 171 Ohio App.3d 20, 2007-Ohio-1667, 869 N.E.2d 110, ¶ 11 (2d Dist.). With regard to a dismissal without prejudice under Civ.R. 12(B)(6), however, such a dismissal may be appealable "if the plaintiff cannot plead the claims any differently to state a claim for relief." *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 2013-Ohio-4147, 998 N.E.2d 517, ¶ 11 (1st Dist). If the rule were otherwise, a plaintiff whose complaint was found deficient under Civ.R. 12(B)(6) would be without a remedy to challenge that determination.

**{¶ 8}** Here it is unclear whether Bland and Lasky potentially could plead differently to state a breach-of-contract claim against Toyota Motor Sales. Resolution of that issue likely depends, at least in part, on the existence or non-existence of facts that are known to them. For present purposes, however, we will presume that Bland and Lasky are incapable of pleading differently to overcome the deficiencies found by the trial court. If that were not so, they likely would have re-filed their complaint rather than appealing the

---

[1] The trial court's ruling also included a notation that it constituted a final, appealable order. But "the trial court's own self-determination that it is issuing a final order does not dispose of the question." *George v. State*, 10th Dist. Franklin Nos. 10AP-4, 10AP-97, 2010-Ohio-5262, ¶ 11, citing *Casey v. Reidy*, 180 Ohio App.3d 615, 2009-Ohio-415, 906 N.E.2d 1139 (7th Dist.).

dismissal. Accordingly, we will proceed to the merits of the appeal.

{¶ 9} A Civ.R. 12(B)(6) motion tests the sufficiency of a complaint. For a defendant to prevail, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. University Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). A court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations to be true, and make all reasonable inferences in the plaintiff's favor. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). We conduct a de novo review of a dismissal under Civ.R. 12(B)(6). *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 16 (2d Dist.).

{¶ 10} With the foregoing standards in mind, we see no error in the trial court's dismissal of the complaint filed by Bland and Lasky. As set forth above, the complaint alleged a breach of warranty based on the 2009 Toyota Scion's excessive use of oil. The trial court found this claim conclusively time barred on the face of the complaint and also found it subject to dismissal for other reasons. Bland and Lasky do not challenge that determination. Rather, they contend the complaint also pled a cause of action for breach of an implied contract.

{¶ 11} After addressing the vehicle's use of oil and making warranty-related allegations, the complaint continued:

> 10. Plaintiff states that she continuously brought the matter of the excessive oil consumption to the attention of the servicing dealer representative at Joseph Airport Toyota.

> 11. After expressing concern about the excessive oil consumption,

Plaintiff was finally told by a dealer representative that Toyota was having problems with that engine and that Defendant Toyota Motor Company had an unannounced recall for that engine.

12. Under the secret unannounced recall, Toyota is replacing the engine in each vehicle complained of.

13. Plaintiff asks Toyota to install a new engine in her car pursuant to the unannounced recall mentioned previously.

14. In the alternative, Plaintiff would seek a judgment in the amount of Ten Thousand Dollars and No/100 ($10,000.00) to replace the engine in her 2009 Scion.

15. In the alternative, Plaintiff would seek rescission of the contract and a refund of her purchase price.

(Amended complaint at ¶ 11-15).

**{¶ 12}** Bland and Lasky contend paragraphs eleven, twelve, and thirteen state a claim for breach of implied contract. They argue that the trial court failed to consider paragraph thirteen in finding no contract claim. We disagree. All of the paragraphs quoted above appear to be part of a multi-pronged prayer for relief following the breach-of-warranty claim. Paragraphs ten through twelve address Bland's discovery of a "secret" recall under which Toyota is replacing engines. Paragraph thirteen then prays for Toyota to install a new engine under that "secret" program. Alternatively, paragraphs fourteen and fifteen pray for money damages or rescission of the purchase contract.

**{¶ 13}** Nowhere in the foregoing paragraphs does the complaint allege that Bland contacted Toyota Motor Company, sought to have an engine installed, that Toyota Motor

Company actually or implicitly contracted to replace the engine, and that she was damaged as a result. Rather, paragraph thirteen asks Toyota Motor Company now to install a new engine as a remedy for her breach-of-warranty claim. Thus, the trial court correctly found that "[t]he Plaintiffs do not allege that there existed between the Plaintiffs and Defendant Toyota a contract to replace the engine, the Plaintiffs' performance under the contract, or damages arising out of the breach." (Doc. # 27 at 7). For that reason, we see no error in the trial court's dismissal.

{¶ 14} Bland and Lasky next contend the trial court incorrectly assumed that a written contract was required for a breach-of-contract claim. This argument concerns the trial court's observation that its review was limited to the four corners of the complaint because Bland and Lasky did not attach an exhibit. (*Id.* at 6-7). We believe Bland and Lasky read more than stated in the trial court's decision, which merely mentioned the lack of an exhibit to identify the scope of its review. The ruling did not indicate that the trial court's dismissal was based on the failure to attach a written contract to the complaint.

{¶ 15} Finally, Bland and Lasky cite case law for the proposition that an implied contract exists when circumstances make it reasonably certain an agreement was intended. They argue that an agreement was intended in this case because a recall was instituted and they sought replacement of the engine. We disagree. The complaint failed to allege that Toyota offered Bland a new engine under the secret recall, that Bland accepted the offer by contacting Toyota and seeking to have a new engine installed, that Toyota refused to perform, and that Bland was damaged as a result. As set forth above, the complaint alleged only that a dealer representative told Bland that Toyota Motor Company had a secret unannounced recall under which it was replacing engines. This

allegation fails to state a claim for breach of an implied contract.

{¶ 16}  Based on the reasoning set forth above, we overrule the assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . .

WELBAUM, P. J., and FROELICH, J., concur.

Copies mailed to:

Laurence A. Lasky
G. Todd Hoffpauir
Lindsay M. Upton
Hon. Erik R. Blaine