[Cite as *Harris v. Delong*, 2018-Ohio-2493.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David M. Harris, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 17AP-676 |
| v. | : | (C.P.C. No. 17JU-3714) |
| Ashley L. Delong, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 26, 2018

**On brief:** *David M. Harris,* pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

HORTON, J.

{¶ 1} Plaintiff-appellant, David M. Harris, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which dismissed his complaint for an allocation of parental rights. For the following reasons, we dismiss the appeal.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 20, 2017, appellant filed a complaint against Ashley L. Delong seeking an allocation of parental rights/custody of the parties' daughter, born on February 10, 2011. According to appellant's brief, the parties had a tumultuous relationship, at one time they were engaged to be married, and the relationship ended in a physical fight and domestic violence charges. Appellant alleges that Delong made false allegations against him involving violations of probation.

{¶ 3} On June 29, 2017, the trial court appointed a guardian ad litem ("GAL") and ordered the parties to each deposit $400 into the GAL's trust account by July 28, 2017. After a continuance, the matter was set for a hearing on August 30, 2017. On September 6, 2017, the magistrate filed a decision and entry indicating that appellant appeared but had a warrant for his arrest and was taken into custody by the sheriff. The GAL appeared and indicated that appellant had not paid his fees as required by July 28, 2017 and appellant had been unable to schedule a home visit prior to the hearing. The magistrate dismissed the matter without prejudice. The trial court adopted the decision and judgment entry on the same day.

## II. ASSIGNMENTS OF ERROR

{¶ 4} Appellant filed a timely notice of appeal and raised the following assignments of error for our review:

> I. THE TRIAL COURT ERRED IN DISMISSAL OF CASE DUE TO MR. DAVID M. HARRIS'S ABSENCE DUE TO MISS DELONG MAKING UNSUPPORTED CLAIMS OF TELEPHONE HARASSMENT AGGIANST [sic] DAVID M. HARRIS VIOLAITING [sic] HIS PROBATION AND HAVING HIM ARRESTED JUST OUTSIDE THE COURT ROOM.
>
> II. THE TRIAL COURT ERRED IN STATING THAT MR. DAVID M. HARRIS WAS NOT PRESENT, MR. HARRIS HAD BEEN DETAINED DUE TO FALSE ALLIGATIONS [sic] FROM MISS DELONG AND WAS BROUGHT TO THE COURT ROOM BY ARRESTING DEPUTY.

## III. DISCUSSION

{¶ 5} We must first determine whether this court has jurisdiction to review the order which appellant appealed. Ohio appellate courts have jurisdiction to review only final, appealable orders of lower courts within their districts. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.01. If an order is not a final, appealable order, the appellate court lacks jurisdiction and the appeal must be dismissed. *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d 207 (4th Dist.1993), fn 2. Appellate courts are tasked with the duty to sua sponte examine any deficiencies in jurisdiction. *Price v. Jillisky*, 10th Dist. No. 03AP-801, 2004-Ohio-1221.

{¶ 6} An appellate court engages in a two-step process when determining whether a judgment or order is final and appealable. First, the court must determine whether the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Nnadi v. Nnadi*, 10th Dist. No. 15AP-13, 2015-Ohio-3981, ¶ 12, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989).

{¶ 7} A final order is statutorily defined by R.C. 2505.02, which provides as follows:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy * * *;
>
> (5) An order that determines that an action may or may not be maintained as a class action.
>
> (6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. 281 of the 124th general assembly * * * ;
>
> (7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶ 8} An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989), syllabus. However, an order that is not final cannot be rendered final merely by the addition of Civ.R. 54(B) language. *Noble v. Colwell,* 44 Ohio

St.3d 92, 96 (1989); *Fireman's Fund Ins. Cos. v. BPS Co.*, 4 Ohio App.3d 3, 4 (10th Dist.1982).

{¶ 9} An involuntary dismissal without prejudice typically is not a final, appealable order if a party is able to refile within the applicable statute of limitations or pursuant to the savings statute. *White v. Unknown*, 10th Dist. No. 09AP-1120, 2010-Ohio-3031, ¶ 6, citing *Dues v. Ohio Dept. of Rehab. and Corr.*, 10th Dist. No. 08AP-943, 2009-Ohio-1668, ¶ 9.[1] "Generally, a dismissal without prejudice constitutes 'an adjudication otherwise than on the merits' with no res judicata bar to refiling the suit" because it places the parties in the same position they were in before the plaintiff filed the action. *Johnson v. H&M Auto Serv.*, 10th Dist. No. 07AP-123, 2007-Ohio-5794, ¶ 7, quoting *Thomas v. Freeman*, 79 Ohio St.3d 221, 225 (1997), fn. 2. Thus, "a dismissal without prejudice is not a final, appealable order, so long as a party may refile or amend a complaint." *Id.* However, the trial court's self-determination that it is issuing a final order does not dispose of the final, appealable order question. *George v. State*, 10th Dist. No. 10AP-4, 2010-Ohio-5262, ¶ 11, citing *Casey v. Reidy*, 180 Ohio App.3d 615, 2009-Ohio-415 (7th Dist.).

{¶ 10} Here, the trial court dismissed appellant's complaint without prejudice and there is no bar to appellant refiling the complaint. Thus, there is no final, appealable order.

{¶ 11} Finally, we note that Harris did not file any objections to the magistrate's decision. "A party who does not file written objections to a magistrate's decision may not raise on appeal issues on the merits that might have been the basis of the objections." *Brown v. Zurich US*, 150 Ohio App.3d 105, 2002-Ohio-6099, ¶ 26 (10th Dist.); Civ.R. 53. However, since this court does not have jurisdiction over the appeal because of a lack of a final, appealable order, the failure to file objections is irrelevant.

{¶ 12} The trial court dismissed the action without prejudice and there is nothing to prevent appellant from successfully refiling the action. Thus, as appellant can refile the complaint, the trial court's dismissal of the action without prejudice is not a final appealable order and we are without jurisdiction to address the assignments of error.

---

[1] In *George v. State*, 10th Dist. No. 10AP-4, 2010-Ohio-5262, this court recognized that some dismissals without prejudice do constitute final, appealable orders. The Supreme Court of Ohio has held that a dismissal for failure to state a claim upon which relief can be granted operates as an adjudication on the merits. *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, ¶ 15. "As a result, res judicata bars refiling the claim." *George* at ¶ 14.

## IV. CONCLUSION

{¶ 13} For the foregoing reasons, appellant's appeal is dismissed for lack of a final, appealable order.

*Appeal dismissed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

———————————