[Cite as *Brime v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-1383.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ozie Brime, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 24AP-466 |
| | | (Ct. of Cl. No. 2024-00357JD) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on April 17, 2025

**On brief:** *Ozie* Brime, pro se.

**On brief:** *Dave Yost*, Attorney General, *Daniel J. Benoit*, and *Heather M. Lammardo*, for appellee.

APPEAL from the Court of Claims of Ohio

JAMISON, P.J.

{¶ 1} Plaintiff-appellant, Ozie Brime, appeals the decision of the Court of Claims of Ohio dismissing his complaint against defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the reasons below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Brime is an inmate incarcerated at the Lebanon Correctional Institution ("LCI"). Brime alleged that in May 2022, he was assaulted by another inmate with a box cutter. Brime contends a LCI corrections officer provided the box cutter to the inmate.

{¶ 3} On April 18, 2024, Brime filed a complaint in the Court of Claims alleging negligence against ODRC. On May 24, 2024, ODRC filed an answer.

{¶ 4} On April 23, 2024, the clerk of the Court of Claims sent Brime a connected action form with filing instructions. Pursuant to L.C.C.R. 15(C), the form was to be completed and returned to the court within 28 days. Brime did not return the form.

{¶ 5} On June 3, 2024, the Court of Claims issued an entry ordering Brime to complete and file the form within 30 days. The entry stated that failure to comply shall result in dismissal of the case. Brime did not return the form.

{¶ 6} On July 15, 2024, the Court of Claims dismissed the case without prejudice for failure to comply. Brime brings the instant appeal.

## II. ASSIGNMENT OF ERROR

{¶ 7} Brime assigns the following sole assignment of error for our review:

> The trial court abused its discretion and committed prejudicial error by not first determining that Appellant has no control over items he mails from prison, and therefore should have not dismissed Appellant's case on procedural grounds.

## III. STANDARD OF REVIEW

{¶ 8} We review a trial court's dismissal under Civ.R. 41(B)(1) for failing to comply with an order, pursuant to Civ.R. 37(B)(1), under an abuse-of-discretion standard. *Bennett v. Martin*, 2009-Ohio-6195 (10th Dist.). An abuse of discretion is more than a mere error of law or judgment and implies that the court's actions were "unreasonable, arbitrary or unconscionable." (Internal quotation marks deleted and citation omitted.) *Retirement Mgt. Co. v. Nsong*, 2017-Ohio-5869, ¶ 15 (10th Dist.).

## IV. LEGAL ANALYSIS

{¶ 9} Before addressing Brime's assignment of error, we must determine whether we have a final, appealable order. Ohio appellate courts have jurisdiction to review only judgments or final orders of lower courts within their districts. Ohio Const., art. IV, § 3(B)(2); R.C. 2501.01. If an order is not a final, appealable order, an appellate court lacks jurisdiction to review it and the appeal must be dismissed. *Gehm v. Timberline Post & Frame*, 2007-Ohio-607. Appellate courts may sua sponte examine any deficiencies in jurisdiction. *Riverside v. State*, 2010-Ohio-5868 (10th Dist.).

{¶ 10} For a judgment to be final and appealable, it must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Nnadi v. Nnadi*, 2015-Ohio-3981 (10th Dist.). R.C. 2505.02(B) defines final orders as follows:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly . . . ;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code;

(8) An order restraining or restricting enforcement, whether on a temporary, preliminary, or permanent basis, in whole or in part, facially or as applied, of any state statute or regulation, including, but not limited to, orders in the form of injunctions, declaratory judgments, or writs[.]

R.C. 2505.02(B)(1) through (8).

{¶ 11} The default posture of a Civ.R. 41(B)(1) dismissal is with prejudice, and a dismissal with prejudice is a final, appealable order. *Sunkin v. Collision Pro, Inc.*, 2007-Ohio-

6046 (9th Dist.). We note that the Court of Claims indicated that this dismissal is without prejudice, as permitted pursuant to section Civ.R. 41(B)(3).

{¶ 12} Generally, a dismissal without prejudice is "an adjudication otherwise than on the merits" and it does not prevent a plaintiff from refiling an action. (Internal quotation marks deleted and citation omitted.) *Johnson v. H & M Auto Serv.*, 2007-Ohio-5794, ¶ 7 (10th Dist.). A dismissal without prejudice maintains the positions of the parties they had prior to filing and the complaint typically can be refiled. However, if a party cannot refile because of a statute of limitation issue, a dismissal without prejudice is a final, appealable order. *White v. Unknown*, 2010-Ohio-3031 (10th Dist.).

{¶ 13} Brime alleged bodily injury resulting from negligence, and therefore was subject to the two-year statute of limitation set out in R.C. 2305.10(A). *Byers v. Robinson*, 2008-Ohio-4833 (10th Dist.). Brime filed his complaint on April 18, 2024, within the two-year statute of limitations for negligence that expired in May 2024. The matter was dismissed on July 15, 2024, after the statute of limitations had run. R.C. 2305.19(A), commonly known as the savings statute, provides that a new complaint can be filed within one year of plaintiff's failure otherwise than upon the merits or within the original statute of limitation, whichever is later. R.C. 2305.19 is applicable to suits against the state in the Court of Claims. *Reese v. Ohio State Univ. Hosps.*, 6 Ohio St.3d 162 (1983). Therefore, Brime had one year after the dismissal to refile his action. *Charles v. Conrad*, 2005-Ohio-6106 (10th Dist.).

{¶ 14} We have held that an involuntary dismissal without prejudice under Civ.R. 41(B) does not affect a substantial right and is not a final order if a party is able to refile under the savings statute. *Amos v. Van Aman*, 2019-Ohio-5324 (10th Dist.). *See Harris v. Delong*, 2018-Ohio-2493 (10th Dist.) (no final, appealable order when trial court dismissed party's complaint without prejudice and there was no bar to refiling the complaint). Accordingly, we conclude that the July 15, 2024 entry of dismissal is not a final, appealable order, and we lack jurisdiction to hear this appeal. *Estate of Brown v. McCall*, 2023-Ohio-780 (10th Dist.).

## V. CONCLUSION

{¶ 15} Based on the foregoing reasons, this appeal is dismissed.

*Appeal dismissed.*

MENTEL and LELAND, JJ., concur.

————————