**EBBETS PARTNERS, LTD., Appellee,**

v.

**DAY et al., Appellants.**

[Cite as *Ebbets Partners, Ltd. v. Day,* 171 Ohio App.3d 20, 2007-Ohio-1667.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21556.

Decided April 6, 2007.

Weltman, Weinberg & Reis Co., L.P.A., and Ronald B. Noga, for appellee.

John K. Limoli, for appellants.

---

BROGAN, Judge.

{¶ 1} In this case, defendants-appellants, Billy G. Day and Robin R. Day, appeal from the denial of their Civ.R. 60(B) motion for relief from the dismissal of their action in the Dayton Municipal Court, without prejudice.

{¶ 2} The Days leased a 1995 Ford Mustang from Fifth Third Bank in 1996. Some time later, the Days sought to return the vehicle because of significant mechanical problems. In July 1998, Fifth Third Bank filed suit in the Greene County Court of Common Pleas for breach of contract, asserting that the Days were in default on their lease contract and that they owed $5,190.20 on the lease.

{¶ 3} In May 2001, the trial court dismissed the matter administratively without prejudice, stating that the case had been settled.

{¶ 4} Subsequently, plaintiff-appellee, Ebbets Partners, Ltd., brought the breach-of-contract action in the Dayton Municipal Court as an assignee of Fifth Third Bank. The Days answered and filed a counterclaim alleging violations of the Fair Debt Collection Practices Act. Both parties moved for summary judgment. The trial court granted summary judgment for Ebbets, and the Days appealed.

{¶ 5} On appeal, we reversed the trial court's decision. Based on the record, we found that genuine issues of material fact remained as to the existence of an assignment of the Days' lease to Ebbets and whether Ebbets was a proper party to the suit. *Ebbets Partners Ltd. v. Day*, Montgomery App. No. 19748, 2003-Ohio-4425, 2003 WL 21991370, at ¶ 15.

{¶ 6} The matter was set for trial in May 2005 before Judge Cannon in the Dayton Municipal Court; however, prior to the trial, Judge Cannon recused himself and ordered the matter returned for reassignment. Judge Littlejohn was later assigned to the case.

{¶ 7} On October 20, 2005, the trial court entered the following order of dismissal:

{¶ 8} "The Court, having conferenced with all attorneys of record, makes the following ORDERS: Plaintiff has voluntarily dismissed its case. The balance of any matters is hereby dismissed without prejudice for failure to prosecute."

{¶ 9} The Days subsequently filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1). In their motion, the Days argued that the trial court did not contact their counsel regarding the reassignment of the matter or the case

schedule. Moreover, they asserted that the trial court inadvertently "overlooked" their counterclaim when dismissing the case per the October 2005 order. According to the Days, there is nothing in the record to suggest that they had purposefully failed to prosecute. On March 15, 2006, the trial court overruled the Days' motion for failure to meet the requirements of Civ.R. 60(B). In its entry, the court noted that it had informed the parties during a status conference on March 8, 2006, that it would overrule the motion. It also provided that the Days requested an immediate hearing to present evidence in support of their motion.

{¶ 10} Following the denial of their motion for relief, the Days filed this appeal. Upon review, we dismiss the appeal for want of a final, appealable order.

{¶ 11} Civ. R. 41(B)(3) provides, "A dismissal under division (B) of this rule and any dismissal not provided for in this rule * * * operates as an adjudication upon the merits *unless the court, in its order for dismissal, otherwise specifies.*" (Emphasis added.) An action dismissed without prejudice for failure to prosecute is a dismissal otherwise than on the merits, and as such, is not a final, appealable order. See *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 680 N.E.2d 997, fn. 2; *Christian v. McFarland* (June 20, 1997), Montgomery App. No. 15984, 1997 WL 337654, at *1. Furthermore, "[a] dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced." (Citations omitted.) *Stafford v. Hetman* (June 4, 1998), Cuyahoga App. No. 72825, 1998 WL 289383, at *1.

{¶ 12} Here, once the trial court dismissed the Days' action for failure to prosecute, without prejudice, it no longer held jurisdiction to consider the Days' subsequent motion for relief from judgment under Civ.R. 60(B). Civ.R. 60(B) allows a court to grant a party or his legal representative relief "from a final judgment, order or proceeding." Because the dismissal of the Days' claim under Civ.R. 41(B) was without prejudice, it was not a final, appealable order. Therefore, it was not a final adjudication subject to the relief provided in Civ.R. 60(B). See *Hensley v. Henry* (1980), 61 Ohio St.2d 277, 279, 15 O.O.3d 283, 400 N.E.2d 1352; *Gochenour v. Norcia,* Montgomery App. No. E–05–021, 2005-Ohio-5026, 2005 WL 2334957, at ¶ 17. In essence, the Days' motion for relief was a nullity, and the trial court's ruling on that motion was a nullity, also. See *Stafford,* Cuyahoga App. No. 72825, 1998 WL 289383, at *3.

{¶ 13} We note, however, that some Ohio courts have reversed trial court dismissals without prejudice when plaintiffs were not afforded notice of the dismissals. For example, in *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 453 N.E.2d 648, the Ohio Supreme Court found that the plaintiff was entitled to relief from judgment dismissing his negligence claim when the trial court's dismissal was not authorized under Civ.R. 41(B)(1) and when the trial court had failed to give prior notice to the plaintiff or his counsel that the action would be dismissed.

Id. at 350, 6 OBR 403, 453 N.E.2d 648. However, as pointed out by the Eighth District, the court did not address the finality issue related to whether a dismissal without prejudice is appealable. *Stafford*, Cuyahoga App. No. 72825, 1998 WL 289383, at *2. Instead, *Svoboda* implies that courts retain some jurisdiction on dismissals without prejudice so that issues may be reviewed on appeal. Id. This appears to contradict the Supreme Court's decision in *Hensley*, 61 Ohio St.2d 277, 15 O.O.3d 283, 400 N.E.2d 1352. There, the court held that the trial court was not authorized to grant the plaintiff relief under Civ.R. 60(B) when the plaintiff's voluntary dismissal without prejudice under Civ.R. 41(A)(1)(a) did "not operate 'as an adjudication upon the merits.' " Id. at 279, 15 O.O.3d 283, 400 N.E.2d 1352. Accordingly, relief pursuant to Civ.R. 60(B) was not applicable, as the plaintiff's notice of dismissal was not a final judicial determination. Id. The same conclusion must be made concerning an involuntary dismissal without prejudice under Civ.R. 41(B)(1). The determinative characteristic is that the dismissal is without prejudice. See *Christian*, Montgomery App. No. 15984.

{¶ 14} Thus, we hold that the trial court did not retain jurisdiction to entertain a motion for relief from judgment after it had dismissed the Days' counterclaim without prejudice for want of prosecution under Civ.R. 41(B)(1). Although the trial court should have provided notice to the parties prior to dismissal, this error did not prejudice the Days. On their own accord and without penalty, they could have refiled a complaint within the time allowed under the statute of limitations saving clause, R.C. 2305.19.[1] Accordingly, the Days' appeal is dismissed for lack of a final, appealable order.

So ordered.

WOLFF, P.J., and GLASSER, J., concur.

GEORGE M. GLASSER, J., retired, of the Sixth Appellate District, sitting by assignment.

---

1. Appellate courts differ as to their application of the savings statute, R.C. 2305.19, in situations such as here, where they find that a dismissal without prejudice is not a final appealable order. See *Stafford*, Cuyahoga App. No. 72825, 1998 WL 289383, at *2 (refiling a claim under R.C. 2305.19 within one year of the trial court's order renders harmless any error the court may have committed in dismissing the plaintiff's claim without prejudice); but, see, *Van–American Ins. Co. v. Schiappa* (Apr. 29, 1999), Jefferson App. Nos. 97–JE–42 and 97–JE–46, 1999 WL 260904, at *4 (holding that the saving provisions of R.C. 2305.19 commence to run on the date of the appellate court's order of dismissal).