{¶ 13} While I agree that the appeal should be dismissed, I respectfully disagree with the majority's decision that the notice of appeal was not timely filed.
 {¶ 14} Prior to June, 30, 2006, which was the effective date of amended R.C. 4123.512(D), it was well-settled that a workers' compensation claimant could employ Civ.R. 41(A)(1)(a) to voluntarily dismiss an appeal to the court of common pleas brought by an employer under R.C. 4123.512. Kaiser v. Ameritemps, Inc. (1999),84 Ohio St.3d 411.
 {¶ 15} After that date, R.C. 4123.512(D) was amended to provide that "[f]urther pleadings shall be had in accordance with the Rules of Civil Procedure * * * provided that the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to the court pursuant to this section * * *," which is the fact in this case.
 {¶ 16} Although a notice of voluntary dismissal filed pursuant to Civ.R. 41(A)(1)(a) normally would automatically terminate the case without further intervention *Page 5 
by the trial court, this is an administrative appeal, a creation of statute, and for that reason the case law interpreting Civ.R. 41(A), must be viewed in the context of the statute.
 {¶ 17} It would appear that by entering an order granting appellee, Robert Thorton's, Notice of Voluntary Dismissal, the trial court construed the notice as a motion to dismiss and granted a Civ.R. 41(A)(2) dismissal without prejudice, which order was journalized on October 31, 2006. Thus, the employer's Notice of Appeal in this court was timely filed.
 {¶ 18} However, inasmuch as the dismissal was without prejudice, it did not operate as an adjudication upon the merits, and appellee, Robert Thorton, may refile the petition within one year pursuant to R.C.2305.19; thus the October 31, 2006 order is not a final appealable order. Ebbets Partners, Ltd. v. Day, 2d Dist. No. 21556, 2007-Ohio-1667. *Page 1