[Cite as *D & E Farms v. Trull*, 2012-Ohio-5236.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| D & E FARMS | JUDGES: |
| | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | Hon. W. Scott Gwin, J. |
| | Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 12-COA-001 |
| DWAINE TRULL, AKA MIKE D. TRULL | |
| | |
| Defendant-Appellee | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Ashland County Court of Common Pleas, Case No. 10-CIV-282 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | November 6, 2012 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| DWAINE TRULL, aka MIKE D. TRULL<br>Address Unknown | BRENT L. ENGLISH<br>Law Offices of Brent L. English<br>M.K. Ferguson Plaza, Suite 470<br>1500 West Third Street<br>Cleveland, Ohio 44113-1422 |

*Hoffman, J.*

{¶1} Plaintiff-appellant D&E Farms appeals the December 14, 2011 Judgment Entry entered by the Ashland County Court of Common Pleas dismissing its complaint it had filed against Dwaine Trull, aka Mike D. Trull, for lack of prosecution.

## STATEMENT OF THE CASE

{¶2} On June 28, 2010, Appellant filed a complaint for declaratory judgment to quiet title to land against Dwaine Trull, aka Mike D. Trull, and various John Does.

{¶3} On July 6, 2010, Appellant was notified of the failure of service upon Dwaine Trull, aka Mike D. Trull, by certified mail.

{¶4} On January 14, 2011, the trial court gave Appellant notice of its intent to dismiss the case, without prejudice, unless Appellant undertook steps to effectuate service on or before January 31, 2011.

{¶5} On January 19, 2011, Appellant filed a motion to appoint a special process server, which the trial court granted.

{¶6} On January 31, 2011, Appellant filed a memorandum in opposition to and objections to the trial court's notice of intent to dismiss the case for failure to obtain service and submission of good cause for not doing so.

{¶7} On February 3, 2011, via Judgment Entry, the trial court granted Appellant an additional six months from the date of the judgment entry to perfect service upon the defendant.

{¶8} On August 11, 2011, Appellant filed a motion for enlargement of time to perfect service upon the defendant.

{¶9} Via Judgment Entry filed August 16, 2011, the trial court granted Appellant until October 3, 2011 to perfect service upon the defendants. The Court noted, "however, that this Order does <u>not</u> extend to nor otherwise modify the 'case commencement date' as determined pursuant to Civ. R. 3."

{¶10} On October 3, 2011, Appellant filed a motion for second enlargement of time to perfect service upon the defendant.

{¶11} Via Judgment Entry filed October 5, 2011, the trial court ordered the matter to be dismissed on November 11, 2011, if service should not be perfected upon the Defendant prior to said date, as service in the case had not been perfected within one year of filing of the complaint.

{¶12} Via Judgment Entry filed December 14, 2011, the trial court dismissed the matter for lack of prosecution, citing service had not been obtained on the defendant and no further pleading had been filed by Appellant.

{¶13} Appellant now appeals, assigning as error:

{¶14} "I. THE TRIAL COURT ERRED BY DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE WHERE PLAINTIFF FAILED TO OBTAIN SERVICE WITHIN ONE YEAR OF FILING DESPITE THE PROVISIONS OF OHIO R. CIV. PROC. 41(B)(3) AND (4) AND WHERE THE STATUTE OF LIMITATIONS HAD NOT EXPIRED BECAUSE THE DEFENDANT HAD ABSCONDED FROM THE STATE OF OHIO FOR SOME OR ALL OF THE TIME THAT THE COMPLAINT WAS PENDING."

{¶15} Ohio Civil Rule 41(A)(B)(1) reads,

{¶16} "(B) Involuntary dismissal: effect thereof

**{¶17}** *"(1) Failure to prosecute.* Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

**{¶18}** "***

**{¶19}** "*(3) Adjudication on the merits; exception.* A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.

**{¶20}** "(4) Failure other than on the merits. A dismissal for either of the following reasons shall operate as a failure otherwise than on the merits:

**{¶21}** "(a) lack of jurisdiction over the person or the subject matter;

**{¶22}** "(b) failure to join a party under Civ. R. 19 or Civ. R. 19.1."

**{¶23}** Here, the trial court dismissed the complaint for lack of proper prosecution pursuant to Civil Rule 41(B)(1). The December 14, 2011 entry does not expressly indicate the dismissal is an adjudication on the merits. The entry indicates the dismissal was for lack of jurisdiction over the defendant because Appellant failed to obtain service. The dismissal was otherwise than on the merits pursuant to Civ.R. 41(B)(4)(a); therefore, without prejudice.

**{¶24}** An action dismissed without prejudice for failure to prosecute is a dismissal otherwise than on the merits, and as such, is not a final, appealable order. *Ebbets Partners, Ltd. v. Day*, 171 Ohio App.3d 20, 2007-Ohio-1667. Furthermore, only final orders are subject to appellate review. *Noble v. Colwell* (1989), 44 Ohio St.3d 155,

556 N.E.2d 1169. As the December 14, 2011 Judgment Entry is a non-final order, this Court lacks jurisdiction to consider Appellant's appeal.

{¶25}  Accordingly, the appeal is ordered dismissed.

By: Hoffman, J.

Delaney, P.J.  and

Gwin, J. concur

s/William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

D & E FARMS       :
           :
  Plaintiff-Appellant    :
           :
-vs-          :     JUDGMENT ENTRY
           :
DWAINE TRULL, AKA MIKE D. TRULL :
           :
  Defendant-Appellee   :     Case No. 12-COA-001

For the reason stated in our accompanying Opinion, this appeal is ordered dismissed for lack of a final appealable order. Costs to Appellant.

s/ William B. Hoffman    
HON. WILLIAM B. HOFFMAN

s/ Patricia A. Delaney    
HON. PATRICIA A. DELANEY

s/ W. Scott Gwin     
HON. W. SCOTT GWIN