[Cite as *Helms v. Helms*, 2013-Ohio-183.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

JOHN A. HELMS                                   :

      Plaintiff-Appellant                    :            C.A. CASE NO.     2012 CA 53

v.                                              :            T.C. NO.     10DR187

MONACA G. HELMS                                 :            (Civil appeal from Common
                                         Pleas Court, Domestic Relations)

      Defendant-Appellee                     :

                                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____25th_____ day of _____January_____, 2013.

. . . . . . . . . .

RICHARD P. ARTHUR, Atty. Reg. No. 0033580, 1634 S. Smithville Road, Dayton, Ohio 45410
      Attorney for Plaintiff-Appellant

ADRIENNE D. BROOKS, Atty. Reg. No. 0078152, 36 N. Detroit Street, Suite 102, Xenia, Ohio 45385
      Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the Notice of Appeal of John A. Helms,

filed August 15, 2012. John's Notice of Appeal provides that he appeals from the domestic relations court's July 25, 2012 "Decision and Order to Reopen Case" as well as the Final Judgment and Decree of Divorce issued by the court on July 27, 2012.

{¶ 2} John and Monaca Helms were married in Gatlinburg, Tennessee on October 28, 2000, and no children were born of the marriage. John filed his Complaint for divorce on June 7, 2010, and Monaca answered and filed a counterclaim for divorce. A hearing was held on May 23, 2011 and continued on June 10, 2011. On July 20, 2011, the trial court issued a "Decision and Order Regarding Spousal Support [and] Order to Prepare Final Decree," which provides in part that counsel for John "will prepare the final decree of divorce and incorporate this spousal support finding as part of the decree" within thirty days of the entry's time-stamped date.

{¶ 3} On October 21, 2011, the court issued a "Nunc Pro Tunc Order" that provides in part, "In the decision filed July 20, 2011, the Court inadvertently omitted a ruling on the Universal One [c]redit card debt. It is the finding and order of the Court that the Defendant shall be responsible for the payment of said debt."

{¶ 4} On November 4, 2011, the trial court issued a "Notice of Dismissal for Failure to Prosecute" that provides, "[I]t is the Order of the Court that the Complaint for Divorce filed June 7, 2010 and any subsequent Motion, be DISMISSED, at Plaintiff's cost, without prejudice, on November 28, 2011 if the Decree is not presented for review and signature."

{¶ 5} On November 17, 2011, John filed a "Notice of Bankruptcy," in which he asserted that Monaca filed a petition for bankruptcy in the United States Bankruptcy Court

for the Southern District of Ohio, Western Division, seeking relief under Chapter 13 of Title 11, United States Code. John requested that "all proceedings herein be stayed until such other and further orders of the United States Bankruptcy Court."

**{¶ 6}** On November 22, 2011, the trial court issued a Judgment Entry that provides, "Upon the Court's own motion and pursuant to Civil Rule 41(B)(1)[1], the Complaint for Divorce and all Motions filed subsequent, are DISMISSED, at Plaintiff's costs.   The Parties have failed to comply with the Civil Rules of Procedure."

**{¶ 7}** On January 31, 2012, Monaca filed a "Motion to Re-Open Case for the Purpose of Filing a Decree of Divorce," and the court granted the motion on the same day.

**{¶ 8}** On February 29, 2012, the trial court issued a "PreTrial Order" which provides that "unless the final decree is presented to the Court for signature by close of business on March 12, 2012 then the case will once again be dismissed and will not be reopened.   The parties will have to refile the divorce complaint or file a dissolution petition."

**{¶ 9}** On March 16, 2012, the court issued an "Order Dismissing the Case," that provides that "the Parties have failed to present a final decree for filing as previously ordered." It further provides that "it is the ORDER of the Court that this case is dismissed without prejudice to the filing of a new complaint for divorce.   This case will not be reopened again as counsel and the parties have had that opportunity and failed to present a

---

[1]Civ.R. 41(B)(1) provides: "(1) Failure to prosecute.   When the plaintiff fails to prosecute, or comply with these rules or any court order, the court, upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

document which could be sign[e]d and filed as a final decree."

{¶ 10} On March 27, 2012, Monaca filed a "Motion to Reconsider and a Request for Hearing." It provides in part as follows:

After the Order to Re-Open the case was granted, undersigned counsel contacted defendant's bankruptcy attorney and started the proceedings for a Relief From Stay to file the decree. The Relief from Stay was filed with the U.S. Bankruptcy Court and granted. Counsel for the Defendant prepared a decree based on the Judge's Decision with respect to spousal support, and the issues that were read into the record. The client approved the same and the decree was forwarded to Plaintiff's counsel. The staff at the office of counsel for Defendant contacted Mr. Arthur's office almost every day for two weeks, and even faxed and emailed the decree. Mr. Arthur did respond with some modifications and such changes were immediately made and returned promptly to Mr. Arthur's office. On March 12, 2012, opposing counsel had not returned executed documents to our office, therefore, only the Defendant and Defendant's counsel's signatures were scribed.

Prior to submitting the Decree to the Court, counsel for Defendant contacted Defendant's bankruptcy attorney who stated as long as there is not a transfer of property to Defendant, a separate court order from bankruptcy court is not needed to file the decree. The Relief from the Automatic Stay was only required.

Wherefore, it is the position of the Defendant that the decree reflects

this Court's journal and record, and the same shall be accepted for filing. It is not the fault of the defendant that the Plaintiff is in dispute with the spousal support order and refused to sign. This is effectively awarding him for disobeying a court order.

{¶ 11} On April 6, 2012, John filed a response which provides in relevant part as follows:

* * * The case was dismissed on November 22, 2011 due to Defendant's failure to obtain or seek relief from bankruptcy stay. Two (2) months later on January 31, 2012, counsel for Defendant filed a motion to reinstate the case which was filed and granted without notice to counsel for Plaintiff. On February 12, 2012, a conditional stay was granted by the Bankruptcy Court stating that "the debtor must move this Court for a further Order prior to transferring any property of the estate."

The proposed Decree settles all issues concerning real estate, vehicles, and debts. However, no further Motion has been filed with the bankruptcy Court.

On February 29, 2012, the Court stated that the case would be dismissed and not reopened if no Decree was filed by March 12, 2012. Upon request of counsel for Defendant, a copy of the proposed Decree was forwarded to her attention on March 26, 2012. To this date, no relief to settle property division has been sought or received.

Plaintiff wishes to remain married and that [the] case remain

dismissed as earlier ordered by this Court.

{¶ 12}  A hearing was held on Monaca's motion to reconsider the dismissal of the case on July 24, 2012.  At the hearing, counsel for John indicated to the court that "one, the Court ordered that the case be dismissed and not re-opened without a new complaint being filed.  And, secondly, that the Court now no longer has jurisdiction as a new complaint has been filed and served out of Franklin County."  In response, the court stated in part, "I'm going to change my mind about not reopening again.  I'll reopen the case.  I'll get it finalized and the case will be over."

{¶ 13}  On July 25, 2012, the court issued a "Decision and Order to Reopen Case," which provides:

This matter is again before the Court upon the request of the Defendant to reconsider the Order dismissing the case for the failure of the parties to present the final decree for filing.  The Plaintiff opposed the reopening of the case and a hearing was held on July 25, 2012.  Both parties were present along with their counsel of record.  The Court finds that the attorney for the Plaintiff has now prepared a Final Decree and has presented it to the Court for consideration and filing.[2] Counsel for the Plaintiff has reviewed the proposed decree and correctly pointed out that the only thing not included in this draft decree was the decision on the debt owed to Universal One [C]redit Union which was dealt with in the decision of the Court filed October 21, 2011.  Counsel for Defendant agreed and has consented to add

---

[2]Counsel for Monaca in fact prepared the Final Decree.

that decision to the draft and return it to the Court for filing. It was acknowledged by counsel for the Plaintiff that all other provision[s] of the draft decree reflect the previous agreements of the parties and the decisions made by the Court.

* * * While a proposed decree may have been presented to counsel for the Defendant no such decree has ever been presented to the Court by the Defendant or his attorney. Plaintiff's attorney argues that a bankruptcy filing prevented him from proceeding. This is incorrect. Nothing in the bankruptcy code prevented the attorney for the Plaintiff from preparing and presenting a proposed decree. This Court would then need to decide if the decree was appropriate for filing. It is possible that this Court would have agreed with counsel for the Plaintiff regarding the bankruptcy stay and the Court could have communicated with the Bankruptcy Judge and Trustee in an effort to obtain permission to file the Decree. The actions of the Plaintiff and his counsel denied the Court this opportunity. The necessity for such action is now moot as the attorney for the Defendant has obtained a conditional relief from the bankruptcy stay. The Final Decree when filed herein can be presented to the Bankruptcy Court for it's (sic) consideration and approval pursuant to the conditional relief. Plaintiff is now attempting to use his own counsel's failure to present the decree to the Court as a means to obtain another "bite of the apple" [in] an attempt to delay the divorce or to obtain a more favorable ruling in some other jurisdiction. In the interest of

judicial economy and as a matter of equity this Court will reverse it's (sic) previous decision and reopen the case for the purpose of filing the Final Decree as presented by the attorney for the Defendant.

Therefore it is the ORDER of the Court that the previous dismissal of the case is reversed and the case is reopened for the purpose of filing the final decree prepared and presented by the attorney for the Defendant. Said Decree has been seen and reviewed by the Plaintiff and his counsel but has not been signed.

{¶ 14} The "Final Judgment and Decree of Divorce" was filed on July 27, 2012.

{¶ 15} On September 13, 2012, John filed a "Motion to Stay" in this Court, which Monaca opposed. On October 3, 2012, this Court issued a Decision and Entry overruling the Motion to Stay and expediting the matter in accordance with Loc.App.R. 2.8(B).

{¶ 16} John asserts three assignments of error herein. We will consider his first two assigned errors together. They are as follows:

"THE TRIAL COURT ERRED BY REOPENING A CASE AFTER DISMISSAL UPON DEFENDANT'S MOTION TO REOPEN CASE."

And,

"THE TRIAL COURT ERRED IN REOPENING A CASE WHEN FRANKLIN COUNTY HAS A CASE PENDING."

{¶ 17} John asserts that there "are no provisions under the Ohio Revised Code to reopen a case that has been dismissed." He further asserts that on July 20, 2012, after having "relocated," he filed a Complaint for Divorce in Franklin County, "securing service

on July 23, 2012." According to John, "proper venue for [the] case is in Franklin County as no case was pending in Greene County and there is no request to transfer case." Attached to John's brief is a copy of a document from the Franklin County Common Pleas Court, Domestic Division, which indicates that Monaca was personally served with a certified copy of a summons and complaint on July 23, 2012.

{¶ 18} Monaca responds that the trial court did not abuse its discretion in reopening the matter, and that John's "reason for filing in Franklin County was in the hopes * * * for a lower spousal support order." Monaca asserts that "Franklin County did not have jurisdiction to host a new complaint for divorce on behalf of" John. Monaca asserts that service of process was first perfected in Greene County and "priority is given to the court where service of process is first successfully accomplished."

{¶ 19} Regarding the first dismissal of this matter, we note that the trial court's November 4, 2011 Notice of Dismissal indicates that the matter would be subject to dismissal without prejudice on November 28, 2011, in the absence of a final decree. The court, however, issued its Judgment Entry dismissing the matter on November 22, 2011, six days earlier than it indicated it would do so, and it also failed to indicate that the dismissal was without prejudice. In vacating the erroneous dismissal, the court exercised its inherent authority to correct the erroneous judgment entry.

{¶ 20} Regarding the second dismissal, we note that in its Pretrial Order, the court indicated that, in the absence of a decree, "the case will once again be dismissed and will not be reopened. The parties will have to refile the divorce complaint or file a dissolution petition." In its Order Dismissing the Case, the court indicated that "this case will not be

reopened again * * * ," and it dismissed the matter without prejudice.

{¶ 21}   As this Court has previously noted, "'[a] dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced.' * * * ."   *Ebbets Partners, Ltd. v. Day*, 171 Ohio App.3d 20, 2007-Ohio-1667, 869 N.E.2d 110, ¶ 11 (2d Dist.).   In other words, either of the parties, as the court so indicated prior to the second dismissal, was required to refile a complaint for divorce upon dismissal, and John apparently did so albeit in Franklin County.     Since the court was without authority to "reopen" the matter and issue the final decree, John's first two assigned errors are sustained, and the Final Decree of Divorce is vacated.   John's third assigned error is addressed to the issue of spousal support and is not properly before us, given our resolution of the first two assigned errors.   Judgment reversed and vacated.

. . . . . . . . . .

FROELICH, J., concurs.

HALL, J., concurring:

{¶ 22}   I agree with the conclusion of the majority that the trial court could not reopen this case once unconditionally dismissed. I do however note there is a distinction between this case and reopening of a dismissed case when there has been a reservation of that possibility in the dismissal entry. *See, e.g.*, *Page v. Riley*, 85 Ohio St.3d 621, 623, 710 N.E.2d 690 (1999).   Because the dismissal in this case was without reservation, it could not be reopened.

{¶ 23}   I do find it is perhaps unreasonable that when a case is dismissed for failure to prosecute, a trial court cannot entertain a motion for relief from judgment under Civ. R.

60(B). *Ebbets Partners, Ltd. v. Day*, 171 Ohio App.3d 20, supra. This result applies even if the reason the court uses to dismiss the case is decidedly wrong. When a trial court erroneously dismisses a case for failure to prosecute, for instance where the court fails to observe that a party has complied with a previous court order, there should be a means to bring that apparent error to the attention of the trial court and obtain relief.

. . . . . . . . . .

Copies mailed to:

Richard P. Arthur
Adrienne D. Brooks
Hon. Steven L. Hurley