[Cite as *Allstate Fire & Cas. v. Headley*, 2015-Ohio-4606.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| ALLSTATE FIRE & CASUALTY INSURANCE CO. | : | |
| | : | |
| | : | C.A. CASE NO. 26726 |
| Plaintiff-Appellant | : | |
| | : | T.C. NO. 15CV423 |
| v. | : | |
| | : | (Civil appeal from |
| SARAH HEADLEY | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ____6th____ day of _____November_____, 2015.

. . . . . . . . . . .

TODD W. SMITH, Atty, Reg. No. 0076794, 6047 Frantz Road, Suite 203, Dublin, Ohio 43017
     Attorney for Plaintiff-Appellant

DAVID C. AHLSTROM, Atty. Reg. No. 0085784, 9032 Union Centre Blvd., Suite 201, West Chester, Ohio 45069
and
LAVELL O. PAYNE, Atty. Reg. No. 0092545, 50 S. Main Street, Suite 502, Akron, Ohio 44308

     Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the court on the Notice of Appeal of Allstate Fire and Casualty Insurance Company ("Allstate"), filed June 12, 2015. Allstate appeals from the May 13, 2015 decision of the trial court that granted Sarah Headley's April 16, 2015 Motion to Dismiss Allstate's Complaint with prejudice for failure to state a claim upon which relief can be granted. Since the trial court lacked jurisdiction to rule upon Headley's motion, having previously dismissed the matter without prejudice on March 13, 2015, Allstate's appeal is hereby dismissed for lack of a final appealable order.

{¶ 2} On January 22, 2015, Allstate filed a Complaint against Headley, alleging that "Headley negligently operated a motor vehicle in such a manner as to damage Plaintiff's insured's motor vehicle in the total sum of $16,128.26 * * *." Allstate alleged that it paid its insured the net sum of $15,728.26, and that its insured sustained an unreimbursable loss of $400.00. The complaint provides that Allstate "demands judgment against the defendants, Robert J. Palumbo and One Way Express, Inc. * * *."

{¶ 3} On February 23, 2015, a Failure of Service Notification was issued, and on the same day the trial court issued a Notice that provides that Headley "has not been served," and that failure "to file a response to this notice within fourteen days may result in administrative dismissal of this action." On March 13, 2015, the court issued an Order of Dismissal without prejudice for failure to prosecute. On March 16, 2015, Allstate requested service of the complaint at Headley's correct address, and the court's docket reflects that service was accomplished on March 21, 2015.

{¶ 4} On April 16, 2015, Headley filed her motion to dismiss Allstate's complaint, arguing in part that an "examination of Plaintiff's Complaint reveals that the Plaintiff attempts to set forth a claim for damages against Defendant Headley, but fails to set forth

a demand for judgment against her."  The trial court set a submission date of May 8, 2015, and subsequently granted the motion to dismiss with prejudice.

{¶ 5} Allstate asserts one assignment of error herein as follows:

THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION TO DISMISS PLAINTIFF/ APPELLANT'S COMPLAINT BECAUSE THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO HEAR AND OR RULE UPON SAID MOTION.

{¶ 6} Allstate asserts that since "the trial court had already dismissed the present matter for failure to prosecute on or about March 13, 2015, the May 13, 2015 Entry and Order is void because the trial court lacked subject matter jurisdiction to hear and render a decision upon Appellee's motion," in reliance upon *Ebbets Partners, Ltd. v. Day*, 2d Dist. Montgomery No. 21556, 2007-Ohio-1667. This Court in *Ebbets* determined that an "action dismissed without prejudice for failure to prosecute is a dismissal otherwise than on the merits, and as such, is not a final, appealable order. * * * Furthermore, '[a] dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced.' * * *."  *Id.*, ¶11. In *Ebbets*, the matter was dismissed without prejudice, and the defendants filed a motion pursuant to Civ.R. 60(B), asserting in part that the trial court "inadvertently 'overlooked' their counterclaim." *Id.*, ¶ 9. This Court concluded that the Defendants' motion for relief from judgment "was a nullity, and the trial court's ruling on that motion was a nullity, also."  *Id.*, ¶12.

{¶ 7} Headley responds as follows:

The decision reached by the Court in *Ebbets* is not incompatible with

the trial court's decision in the case at bar. However, the facts in these two cases differ in that on March 16, 2015, three days after the court's dismissal and subsequent relief from jurisdiction in this matter, [Allstate] "requested service of the summons and complaint be issued via certified mail to Appellee Headley's new address located at 5424 Whitmore Drive, Cincinnati, Ohio 45238." * * * At that point, Appellant's reissuance of service constituted a refiling of the Complaint, commencing a new action within the period provided for by R.C. 2305.19, the Ohio Savings Statute.

**{¶ 8}** R.C. 2305.19 provides:

(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits the plaintiff * * *may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. * * *

**{¶ 9}** Headley further directs our attention to Civ.R. 3(A), which provides: "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *", and *Goolsby v. Anderson Concrete Corp.,* 61 Ohio St.3d 549, 575 N.E.2d 801 (1991), which held that "an instruction to serve a complaint in an original action after the statute of limitations period has expired amounts to re-filing of that action for purposes of R.C.2305.19." *Schneider v. Steinbrunner*, 2d Dist. Montgomery No. 15257, 1995 WL 737480, * 4 (Nov. 8, 1995). In reply, Allstate asserts that *Goolsby* does not apply.

**{¶ 10}**  Pursuant to *Ebbets*, the trial court relinquished jurisdiction over the matter herein upon dismissal without prejudice on March 13, 2015.   Accordingly, the trial court's May 13, 2015 Entry and Order purporting to dismiss the matter with prejudice is a nullity, because the court lacked jurisdiction to rule on Headley's motion to dismiss.   In the absence of a final appealable order, Allstate's appeal is hereby dismissed.

. . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Todd W. Smith
David C. Ahlstrom
Lavell O. Payne
Hon. Michael L. Tucker