[Cite as *Graham v. JPay, Inc.*, 2021-Ohio-401.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NATHAN GRAHAM | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2020 CA 0034 |
| JPAY INC., et al. | |
| Defendants-Appellees | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Richland County Court of Common Pleas, Civil Division, Case No. 2019-CV-0763R |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | February 11, 2021 |
| APPEARANCES: | |

| For Plaintiff-Appellant | For Defendants-Appellees |
|---|---|
| NATHAN GRAHAM<br>Inmate #384-747<br>Mansfield CI<br>P.O. Box 788<br>Mansfield, Ohio  44901 | ZACHARY B. SIMONOFF<br>124 Middle Avenue<br>Suite #500<br>Elyria, Ohio  44035 |

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Nathan Graham appeals the March 9, 2020 Judgment Entry entered by the Richland County Court of Common Pleas, which denied his motion for default judgment against defendant-appellee JPay, Inc. and granted Appellee's motion to dismiss.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant is an inmate at Mansfield Correctional Institution, serving a 53 year prison term.  Appellee provides electronic media access to Ohio inmates via kiosks located in the housing units of the prisons. Appellee's services include email; video messaging; and 30-minute "video visits" between prisoners and family members. Appellee also offers "individual digital devices" for electronic media such as digital music, e-books, and electronic games. These devices are akin to iPads, but the offerings are limited to Appellee's services. Inmates purchase media access from Appellee by transferring funds from their commissary accounts to their J-Pay Media Accounts.

{¶3} In order to utilize these services, Appellant agreed to be bound by the terms of Appellee's service agreement, which included an arbitration clause.  JAMS, then the American Arbitration Association ("AAA") provided the dispute resolution services. Appellant utilized Appellee's services, but encountered problems with such.  He attempted to initiate the arbitration process, however, was unable to do so in a timely manner.  Appellant maintains he lost his right to arbitrate as a result of JAMS and AAA's failure to provide him with the appropriate arbitration forms and information.

{¶4} On October 16, 2019, Appellant filed a complaint, naming Appellee, JAMS, and AAA as defendants.  Appellant asserted causes of action for unfair or deceptive

consumer sales practices under R.C. 1345.02; unconscionable act or practice under R.C. 1345.03; and breach of contract.  AAA filed a motion for extension of time to move, plead, or otherwise respond on November 20, 2019.  On November 21, 2019, Appellee filed a motion for leave to plead.  JAMS filed a motion to dismiss on November 22, 2019. Appellee filed a motion to dismiss on November 25, 2019. The trial court granted Appellee' motion for leave to plead on November 27, 2019.

{¶5} On December 12, 2019, Appellant filed an amended complaint, asserting the same four causes of action and advancing identical allegations as set forth in his original complaint, but designating JAMS and AAA as subcontractors of Appellee.

{¶6} Appellee filed a supplement to its motion to dismiss on December 30, 2019. JAMS and AAA also filed motions to dismiss the amended complaint.

{¶7} Appellant filed a voluntary dismissal of JAMS on January 9, 2019.  On January 16, 2020, Appellant filed a motion to strike Appellee's motion to dismiss and a motion for default judgment.  The following day, Appellant filed a motion to strike AAA's motion to dismiss and motion for default judgment.  Appellant subsequently filed a voluntary dismissal of AAA.

{¶8} Via Judgment Entry filed March 9, 2020, the trial court granted Appellee's motion to dismiss, finding Appellant's causes of action fail to state a claim against Appellee.  The trial court dismissed Appellant's amended complaint without prejudice. The trial court also denied Appellant's motion for default judgment, finding Appellee did not fail to plead or otherwise defend by filing its motion to dismiss.

{¶9} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ALLOWED APPELLEES TO FILE AN ANSWER BEYOND RULE DATE WHERE THERE WAS NO SHOWING OF "EXCUSABLE NEGLECT" AND APPELLEES FAILED TO COMPLY WITH PROCEDURES OUTLINE IN RULES OF CIVIL PROCEDURE FOR LATE FILING.

II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED APPELLEE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED PURSUANT TO CIV. R. 12(B)(6).

**{¶10}** As an initial matter, we first determine whether this is a final, appealable order capable of invoking this Court's jurisdiction.

**{¶11}** Article IV, Section 3(B)(2) of the Ohio Constitution grants jurisdiction to courts of appeals "to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Consequently, this Court does not have jurisdiction over nonfinal orders. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). " An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *Id.* (Internal quotation and citation omitted).

**{¶12}** We begin our analysis by noting the trial court dismissed Appellants' complaint "without prejudice." Ordinarily, a dismissal without prejudice is other than on

the merits under Civ.R. 41(B) and is not appealable. *Bland v. Toyota Motor Sales U.S.A., Inc.*, 2nd Dist. Montgomery No. 27837, 2018-Ohio-1728, ¶ 7, citing *Ebbets Partners, Ltd. v. Day*, =71 Ohio App.3d 20, 2007-Ohio-1667, 869 N.E.2d 110, ¶ 11 (2d Dist.). With regard to a dismissal without prejudice under Civ.R. 12(B)(6), however, such a dismissal may be appealable "if the plaintiff cannot plead the claims any differently to state a claim for relief." *Id.*, quoting *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 1st Dist. Hamilton No. C–120822, 2013-Ohio-4147, 998 N.E.2d 517, ¶ 11. If the rule were otherwise, a plaintiff whose complaint was found deficient under Civ.R. 12(B)(6) would be without a remedy to challenge that determination. *Id.*

{¶13} In both his original complaint and amended complaint, Appellant failed to allege any facts to support his claims Appellee violated the terms of the parties' agreement and/or the Ohio Consumer Sales Practices Act. However, we find Appellant may be able to rectify the deficiencies found by the trial court by pleading the claims with specific factual allegations. Because Appellant is able to plead the claims differently, we find the trial court's dismissal was not a final appealable order.

{¶14} Accordingly, we decline to address the merits of Appellant's arguments at this time as the order being appealed is not a final and appealable, despite the trial court's certification under Civ.R. 54(B). We do so under the authority of the Ohio Supreme Court's decision in *Walburn v. Dunlap,* 2009–Ohio–1221. See, also, *Kallaus v. Allen,* 5th Dist. App. No. 09–CA–0002, 2009–Ohio–6339.

**{¶15}** Having concluded no final appealable order exists in this case, we dismiss this appeal for lack of jurisdiction.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur