**[Cite as *Mesenbrick v. Hartley*, 2026-Ohio-856.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| CYNTHIA MESENBRINK | : | |
| | : | C.A. No. 30459 |
| Appellant/Cross-Appellee | : | |
| | : | Trial Court Case No. 2021 CV 04170 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| AARON HARTLEY | : | Court) |
| | : | |
| Appellee/Cross-Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on March 13, 2026, the appeal and cross-appeal are dismissed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

TUCKER, J., and HUFFMAN, J., concur.

**OPINION**
MONTGOMERY C.A. No. 30459


TERRY W. POSEY, JR., Attorney for Appellant/Cross-Appellee
THOMAS G. EAGLE, Attorney for Appellee/Cross-Appellant


HANSEMAN, J.

{¶ 1} Cynthia Mesenbrink appeals from an order of the Montgomery County Court of Common Pleas that dismissed her tort action under Civ.R. 41(B)(1). She claims that the trial court erred by (1) allowing Aaron Hartley to amend his answer a week before trial to assert a statute of limitations defense, (2) determining that her intentional infliction of emotional distress claim was subject to a one-year statute of limitations, (3) questioning the court's subject matter jurisdiction over her replevin claim, and (4) dismissing the action under Civ.R. 41(B)(1) for failure to prosecute when she failed to obtain substitute counsel. Hartley cross-appeals, challenging the dismissal of his intentional infliction of emotional distress counterclaim on statute of limitations grounds.

{¶ 2} For the following reasons, both Mesenbrink's appeal and Hartley's cross-appeal are dismissed.

## I. Facts and Procedural History

{¶ 3} Mesenbrink's amended complaint alleges the following facts.

{¶ 4} Mesenbrink and Hartley began a romantic relationship while Hartley, an attorney, represented Mesenbrink in her divorce from her previous husband. The two married in Las Vegas, Nevada, on October 13, 2019. At that time, Mesenbrink was residing and working for the Department of Defense in Germany. At Hartley's insistence, Mesenbrink quit her job and returned to Ohio in March 2020. Mesenbrink used premarital funds to purchase a home in Kettering. Hartley also owned a home in Kettering.

2

{¶ 5} The parties' relationship was marked by "cruel, inhumane, and dehumanizing treatment of Ms. Mesenbrink by Mr. Hartley, including but not limited to cruelty inflicted upon Ms. Mesenbrink during their marriage and continuing until just prior to the filing of this Complaint." Am. Compl., ¶ 5. Hartley engaged in a pattern of threatening, intimidating, and frightening behavior. Among other things, he mocked Mesenbrink and called her names, destroyed her real and personal property, physically threatened her and her pets, assaulted her, and made false and defamatory statements about her on Facebook. Mesenbrink provided examples of Hartley's alleged tortious behavior, most of which occurred between March 2020 and August 2020.

{¶ 6} On August 25, 2020, shortly after Hartley assaulted her, Mesenbrink filed for divorce and sought criminal charges against Hartley.

{¶ 7} On October 11, 2021, Mesenbrink sued Hartley in the common pleas court, asserting claims of intentional infliction of emotional distress (Count 1), defamation (Count 2), damages under R.C. 2307.70(A) (Count 3), and replevin (Count 4). In his answer, Hartley substantially denied Mesenbrink's allegations and raised 13 specific affirmative defenses, including that Counts 3 and 4 should be dismissed because all property issues were currently before the domestic relations court as part of the parties' pending divorce. Hartley did not assert a statute of limitations defense. See Civ.R. 8(C) (requiring a party to "set forth affirmatively" the defense of statute of limitations in pleading to a preceding pleading). However, he "reserve[d] the right to assert additional defenses if and when discovered." Hartley's Answer, ¶ 59.

{¶ 8} Hartley also brought counterclaims for intentional infliction of emotional distress (Count 1) and assault and battery (Count 2). He alleged that Mesenbrink had at least one extramarital affair during their marriage, flaunted her infidelity, destroyed some of his

3

personal property, and threatened and assaulted him, including incidents in November 2019, June 2020, and August 2020. Mesenbrink denied the allegations and asserted several affirmative defenses, including the statute of limitations defense. Mesenbrink Answer, ¶ 64.

{¶ 9} On December 1, 2022, the trial court issued a scheduling order. The final pretrial conference was set for August 23, 2023, and a jury trial was set for September 11, 2023.

{¶ 10} On June 3, 2023, Mesenbrink moved to amend her complaint to add a claim of assault and battery as Count 5. The motion identified two incidents: (1) Hartley allegedly broke into the door of her home office and kicked the garage door while Mesenbrink hid behind those structures; and (2) Hartley allegedly restrained her, slammed her head on the floor, laid his body weight on her, and deliberately pressed on her neck. Hartley did not respond to the motion, and on August 3, 2023, the trial court granted Mesenbrink's request to add the assault and battery count to her complaint.

{¶ 11} Mesenbrink filed the amended complaint on August 16, 2023. In the amended complaint, she alleged that the first incident of assault in Count 5 had occurred on June 8, 2020, and that the second had occurred in August 2020. On August 30, 2023, Hartley filed an answer to the amended complaint, again denying the allegations and including the same affirmative defenses and counterclaims that he had raised before. Mesenbrink's answer to the counterclaims mirrored her prior response.

{¶ 12} The September 2023 jury trial did not proceed, and in April 2024, the trial court scheduled a final pretrial conference for February 20, 2025, and a jury trial for March 3, 2025. Little occurred during the remainder of 2024. No summary judgment motions were filed. On February 18, 2025, the parties filed a joint pretrial statement, which indicated, among other things, that the parties' divorce had been finalized.

**{¶ 13}** The record does not include a transcript of the February 20, 2025 final pretrial conference. However, it appears that the trial court discussed its concerns about the admissibility of a sex tape, and it questioned whether it had jurisdiction over the parties' claims, given the entry of a final judgment and decree of divorce. The record does not reflect what else was addressed at the pretrial conference. The trial court gave the parties an opportunity to file simultaneous briefings on various issues by February 26, 2025.

**{¶ 14}** On February 24, 2025, the trial court issued a "notice of intent to partially dismiss defendant's counterclaims for 1) intentional infliction of emotional distress and 2) assault and battery." The court indicated that the matter was before it, sua sponte, on its review of Hartley's counterclaims and the application of the statute of limitations to them. It noted that Mesenbrink had raised a statute-of-limitations defense in her answer, but Hartley had not. The trial court then stated that the assault and battery claims were subject to a one-year statute of limitations, and while intentional infliction of emotional distress claims ordinarily are subject to a four-year statute of limitations, "'[w]hen the essential character of a claim for intentional infliction of emotional distress consists of conduct that is, in substance, another tort, the statute of limitations for the other tort governs.'" Notice of Intent, p. 2, quoting *Cleavenger v. B.O.*, 2022-Ohio-454, ¶ 16 (9th Dist.). The court noted that Hartley's intentional infliction of emotional distress claim "clearly alleged, among other allegations" that Mesenbrink had assaulted him, and it noted that some of the alleged assaults had specific dates, all of which were time-barred. As for another undated event, the trial court stated that the claim was not "subject to dismissal ***at this time***." (Emphasis in original.) The court ordered the parties to file simultaneous briefs on the issues raised in the court's notice by the February 26 deadline.

{¶ 15} That same day, Hartley filed a motion to amend his answer to add the affirmative defense of statute of limitations. He stated that the defense was inadvertently omitted, that "[j]ustice requires that the case should be heard within the applicable limitations period," and that there was no prejudice to Mesenbrink, as no discovery was required on the defense. Mesenbrink opposed the motion, emphasizing the length of time that the action had been pending and that she had "expended considerable time and expense in preparing her case for trial." The trial court granted Hartley's motion and ordered Mesenbrink to file a memorandum addressing the application of the statute of limitations to her claims.

{¶ 16} On February 26, 2025, Mesenbrink filed a memorandum addressing two of the trial court's concerns. She stated that the domestic relations court did not have jurisdiction to address the parties' intentional infliction of emotional distress and assault and battery claims and that it had "specifically reserved any issue relating to the personal property of the parties prior to the marriage." She further argued that her intentional infliction of emotional distress claim went beyond her allegations of assault and thus fell within the four-year statute of limitations. Mesenbrink attached a copy of the divorce decree to her memorandum.

{¶ 17} On February 27, 2025, the trial court filed an "order of partial dismissal." It concluded that (1) Mesenbrink's assault and battery claim was barred by the one-year statute of limitations, (2) Hartley's assault and battery claim was barred by the statute of limitations as to the four events in June and August of 2020, (3) Hartley's assault and battery claim survived "for now" as to the undated incident when Mesenbrink allegedly tried to trip him and push him over, (4) Hartley's and Mesenbrink's intentional infliction of emotional distress claims were barred by the one-year statute of limitations to the extent that they were based on the same time-barred assault and battery allegations, and (5) Mesenbrink's defamation claim was barred by the statute of limitations to the extent that it relied on

6

statements that Hartley made prior to October 11, 2020. The court dismissed those claims consistently with its analysis. Citing the doctrine of res judicata, the trial court further indicated that it had "grave doubts" about whether Mesenbrink's replevin claim was properly before the court due to the parties' final judgment and decree of divorce. Finally, the court ruled that the sex tape was inadmissible.

{¶ 18} Following the trial court's ruling, counsel for both parties moved to withdraw. The trial court granted the motion, vacated the trial date, and ordered the parties to obtain counsel, who were required to enter their appearance within 30 days. The court warned that failure to comply with the order could result in sanctions for failure to prosecute, up to and including dismissal.

{¶ 19} On March 27, 2025, Mesenbrink, pro se, filed a motion seeking 30 additional days to find counsel. Hartley, with new counsel, opposed the motion. On March 31, 2025, the trial court overruled Mesenbrink's motion and dismissed "this case" without prejudice.

{¶ 20} Mesenbrink appeals, raising four assignments of error related to the trial court's February 27, 2025 partial dismissal order and the March 31, 2025 order of dismissal under Civ.R. 41(B)(1). Hartley cross-appeals, raising one assignment of error related to the February 27, 2025 order.

## II. Dismissal of Action – Final Appealable Order

{¶ 21} In her first assignment of error, Mesenbrink claims that the trial court erred in dismissing the action for failure to prosecute. She argues that the court dismissed the case because she failed to obtain counsel, which is not permitted under *Svoboda v. Brunswick,*

6 Ohio St.3d 348 (1983). Hartley responds that the dismissal was due to her unsupported request for an extension to get an attorney and her failure to proceed without an attorney.

{¶ 22} Before we address Mesenbrink's specific argument, we must consider whether the March 31, 2025 order is a final appealable order. Of relevance here, an order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).

{¶ 23} Civ.R. 41(B)(1) provides: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." A dismissal under Civ.R. 41(B)(1) operates as an adjudication upon the merits unless the trial court specifies otherwise in its dismissal entry. Civ.R. 41(B)(3).

{¶ 24} A dismissal without prejudice under Civ.R. 41(B)(1) for failure to comply with a court order generally is not a final appealable order. *State ex rel. DeDonno v. Mason*, 2011-Ohio-1445, ¶ 2; *Ebbets Partners, Ltd. v. Day*, 2007-Ohio-1667, ¶ 12-13 (2d Dist.). Similar to a voluntary dismissal under Civ.R. 41(A), when a case is dismissed without prejudice under Civ.R. 41(B)(1), the trial court loses jurisdiction over the action, and the action is treated as though it had never been commenced. *Ebbets* at ¶ 11; *see also Allstate Fire & Cas. v. Headley*, 2015-Ohio-4606, ¶ 10 (2d Dist.). "Under certain circumstances, however, that fact itself can prejudice the affected party and give rise to an appealable order." *In re K.A.V.*, 2014-Ohio-5575, ¶ 9 (2d Dist.) (dismissal without prejudice of motion to reduce child support was a final appealable order where, upon refiling, father would be entitled only to a support reduction retroactive to the date of a new motion). In addition, a court may still consider collateral issues not related to the merits of the case. *Poirier v. Process Equip. Co. of Tipp City*, 2018-Ohio-1945, ¶ 48 (2d Dist.).

{¶ 25} In this case, the trial court ordered the parties to obtain new counsel within 30 days, and it gave notice that failure to comply could result in dismissal. When Mesenbrink failed to obtain counsel within that time, the court dismissed the case—including, inexplicably, Hartley's remaining claims—without prejudice for failure to prosecute. Under Civ.R. 41(B)(3), the dismissal was not an adjudication on the merits. Other than the inconvenience of having to refile, there is nothing in the record to suggest that either party was prejudiced by the dismissal. Accordingly, the trial court's dismissal of the action under Civ.R. 41(B)(3) was not a final appealable order.

{¶ 26} Because the action must be treated as though it had never been commenced, any interlocutory orders issued prior to the March 31, 2025 dismissal order have no further effect. *See Poirier* at ¶ 45. In this case, the trial court did not certify any of its orders—including the February 27, 2025 order—as immediately appealable under Civ.R. 54(B). Consequently, we have no ability to consider whether the trial court properly permitted Hartley to file an amended answer, whether the trial court erred in dismissing some of the parties' claims on statute of limitations grounds, or whether the trial court made any finding regarding its jurisdiction over Mesenbrink's replevin claim. Correspondingly, the trial court's rulings on those issues have no preclusive effect should either or both parties timely refile their claims.

{¶ 27} We recognize that the ability to refile the action under Ohio's saving statute may be little comfort where, as here, it appears that the trial court had no legitimate basis for dismissing the action. In *Svoboda*, the Ohio Supreme Court explained that a trial court has no authority to order a party to retain counsel and that it cannot dismiss the action due to a party's failing to obtain counsel as ordered by the court. *Svoboda*, 6 Ohio St.3d at 349-350. The Court emphasized that laypersons may represent themselves, and there was no

9

Civil Rule, statute, legal precedent, or inherent authority permitting a trial court to dismiss an action for want of prosecution because a party failed to have legal counsel as the court requested. *Id*.

{¶ 28} *Svoboda* involved an appeal from the trial court's denial of the plaintiff's Civ.R. 60(B)(1) motion following the court's dismissal of the action without prejudice after the plaintiff failed to retain substitute counsel as ordered by the trial court. On review, the Ohio Supreme Court initially framed the issue as whether "the particular difficulties [the plaintiff] faced in obtaining an attorney may be considered 'excusable neglect' under Civ.R. 60(B)(1)." *Id.* at 649. In reversing the dismissal, the Court found that the plaintiff's motion fell within Civ.R. 60(B) and noted that the trial court had failed to provide notice prior to dismissal, as required by Civ.R. 41(B)(1).

{¶ 29} The *Svoboda* court did not address the appealability of the trial court's dismissal order, nor did the dissenting opinions, which faulted the majority for permitting Civ.R. 60(B) to be used as a substitute for appeal. We have commented that "*Svoboda* implies that courts retain some jurisdiction on dismissals without prejudice so that issues may be reviewed on appeal." *Ebbets Partners*, 2007-Ohio-1667, at ¶ 13 (2d Dist.). We further noted, however, that this conclusion appeared to contradict the Supreme Court's prior decision in *Hensley v. Henry*, 61 Ohio St.2d 277 (1980), which held that a trial court could not use Civ.R. 60(B) to vacate a voluntary dismissal because the dismissal did not operate as an adjudication on the merits.

{¶ 30} We held in *Ebbets Partners* that a trial court could not entertain a Civ.R. 60(B) motion following dismissal without prejudice under Civ.R. 41(B)(1), even though the trial court had failed to provide notice prior to dismissal as required by the rule. *See also Helms v. Helms*, 2013-Ohio-183, ¶ 23 (2d Dist.) (Hall, J., concurring) (lamenting that the trial court

cannot entertain a Civ.R. 60(B) motion after a Civ.R. 41(B)(1) dismissal without prejudice, "even if the reason the court uses to dismiss the case is decidedly wrong."). We emphasized that "[t]he determinative characteristic is that the dismissal is without prejudice" and noted that any error in the court's dismissal was rendered harmless by the plaintiff's ability to refile the complaint. *Ebbets Partners* at ¶ 13-14.

**{¶ 31}** We are constrained to reach a similar conclusion here. Mesenbrink's only act of non-compliance with a court order was her failure to obtain counsel as improperly required by the trial court. Hartley had complied with the order to obtain new counsel. No motions were pending, and the next course of action was for the court to set a new trial date. We discern no reasonable basis for dismissal due to failure to prosecute. Nevertheless, the trial court's dismissal was without prejudice, and the parties' ability to refile their claims renders any error harmless.

### III. Conclusion

**{¶ 32}** Mesenbrink's appeal and Hartley's cross-appeal are dismissed for lack of a final appealable order.

. . . . . . . . . . . .

TUCKER, J., and HUFFMAN, J., concur.